The opinion of the Court was afterwards delivered by
Parsons, C. J.
It appears from the record that Phillips having given bond as sheriff, with the other defendants as his sureties, to the state treasurer and his successors, with a condition faithfully to discharge the duties of his office agreeably to the statute of 1783, c. 44; that for a breach of the condition the bond had been sued by the treasurer, judgment recovered for the penalty, and execution had been awarded for the damages that had arisen by the breach *70 of that condition ; that one Thomas Guillaume having since recovered a judgment against the said Phillips, for damages after-wards arising from the misfeasance and malfeasance of Phillips in his office, the treasurer has sued this writ of scire facias on the former judgment, to have execution for further damages for the use of Guillaume, accruing to him from the malfeasance of Phillips.
To this scire facias there is a general demurrer and joinder. And the defendants insist that on this bond they are not liable for any damages arising from the malfeasance of the sheriff, but such as accrue to the commonwealth.
[ * 73 ] * In England, the sheriff, before he receives his patent, must recognize to the king for his revenues, and to the Court of Exchequer for the execution of their writs and precepts. And the subject, if injured by the malfeasance of the sheriff, could derive no benefit from the recognizance.
The decision of the cause must therefore depend on the construction of our statutes. The provincial statute of 11 W. 3, c. 6, directs the sheriff to give security to the king for the due and faithful performance of his office in all the parts of it. The revised statute of 1783, c. 44, directs the sheriff to give sufficient security to the treasurer of the commonwealth for the faithful performance of the duties of his office, and to answer the malfeasance and misfeasance of his deputies; and all services done by him before he give security are declared to be void. But by the statute of 1794, c. 53, it is provided that his services shall not be void, and that he be liable to a fine of 150 dollars for each month he shall execute the duties of his office, before he shall have given such security.
Pursuant to the statute of 1783, the defendant gave bond to the treasurer, with condition, among other things, that he would faithfully execute all the duties of his office, and answer the malfeasance of his deputies. From the manifest import of this condition, it is extremely clear that the condition of the bond is broken by the malfeasance of the sheriff in his office, whether the damage occasioned by it accrue to the commonwealth or to any individual. And if the condition be thus broken, the penalty at law is forfeited. What, therefore, could be the intent of the legislature, in requiring a condition of this extent, if the sheriff could not be liable for certain breaches of it ? The inference, then, is very reasonable, ■— that the intent was, that the sheriff should be answerable for every breach of the condition ; and all the relief he can obtain in equity is an exemption from the penalty, on paying the damages occasioned by the breach. And where the commonwealth has received no injury, we ought to conclude that the damages are to be recovered, not foi the use of the commonwealth, but of those who have suffered them *71 and that the state treasurer is a mere trustee of the bond for the use of * those who may suffer by a breach of its con- [ * 74 ] dition, whether it be the commonwealth or private persons.
This conclusion is perfectly analogous to administration bonds given to the judge of probate. They have been required from administrators more than a century, by statutes which did not direct or appropriate the use ; but actions have been, during all that time, sued by the judge of probate on such bonds, when the condition was broken. He has recovered damages, and has applied them to the use of the persons who were injured by breach of the condition, the judge being only a trustee of the bonds. And the statute of 1787, c. 55, does not create or direct the use; but provides for the more convenient execution of the trust, and for ascertaining, in certain cases, the damages occasioned by a breach of the condition.
If we recur to the statutes providing that coroners shall give security, we shall find the intention of the legislature more express. The provincial statute of 10 G. 2, c. 6, enacts that coroners (who are authorized to serve all writs and processes, in which the sheriff is a party) shall, before they make any service, give security to the county treasurer for their faithfully serving all such writs and processes, for the use and benefit of such persons as may be injured by their failure. The revised statute of 1783, c. 43, requires coroners, before they enter on the duties of their office, to give security in. the same manner sheriffs are by law obliged to. Now, by the ex press words of the statute of G. 2, the coroner’s bond was given in trust for individuals who might be injured by the breach of the condition ; and it can hardly be presumed that it was the intention of the legislature, by the revised statute, to take from individuals the security that had been for a long time provided for them. But this security is certainly taken away by the last act, unless sheriffs’ bonds are a security to private persons; for now coroners are only to give such security as the sheriff is obliged to give.
The provision of law, that executions do not run against the Dodies of sheriffs, does not furnish any argument for the defendants. Whether the judgment be against the sheriff for his misfeasance in office, or for any other cause, his body cannot be taken in execution. The reason of the provision *is, that the [*75] coroner has no jail, but it is the sheriff’s. If he were arrested, he could not be committed. But when he is removed for not satisfying the judgment, an alias execution may issue against his body, directed to his successor.
The statute of 1805, c. 99, does not apply to the present action. Before that statute, a , arty injured by the malfeasance of the sheriff, if he sought relief by the bond, must have applied to the legislature *72 for leave to put it in suit; and a judgment recovered upon it must have been satisfied in the name of the treasurer, who might transfer the satisfaction to the party injured. By this statute, no new construction is put on the bond, but the remedy is simplified by putting it on the same footing with the remedy on administration bonds. The second section of the act is an alteration of the common law ; for it enacts that torts of the sheriff shall survive against his executors and administrators ; but sureties to sheriffs’ bonds then executed are not affected by this alteration.
Upon the whole, we are satisfied that any party, injured by the malfeasance of the sheriff, or his deputy, is entitled to relief on this bond ; that the bond, as to the remedy upon it, is within the statute of 1798, c. 77, and, therefore, when judgment has been rendered for the penalty, and further damages accrue by new breaches of the condition, a scire facias for a new execution lies, until the penalty he exhausted, for then the judgment will be satisfied.

Judgment for the plaintiff.