Upon this, the Court observed that the defendant’s motion to discharge the rule must prevail; for, if proceedings on this bond were analogous to the cases mentioned, Nichols and the obligor could not refer the action, before it was determined at law that the penalty was forfeited; because judgment for the penalty must be entered for the commonwealth for the benefit of any other persons who might be injured; but afterwards, Nichols * and [ * 193 ] the obligors might refer the damages he had sustained (1).
*146 In this case the penalty had not been declared forfeit; and such was the report, that judgment entered according to it would not include a judgment for the penalty in favor of the commonwealth, who was but nominally, and not in fact a party. And the rule was discharged accordingly.
Afterwards the defendant’s counsel moved that all further proceedings stay.
And it appearing by the statute (2) directing the bond, and by the bond, that it was given for the sole use of the commonwealth, and no law having authorized any person to avail himself of a breach of the condition; and it farther appearing that the action was not commenced, and is not prosecuted by either of the public law officers, nor by any, other person having authority to prosecute the same, it was ordered by the Court that all further proceedings in this action should stay.

 Thomas vs. Leach & al. 2 Mass. Rep. 152. — Paine vs. Ball & al. 3 Mass. Rep. 235

 1799, c. 69.