## ARTEMAS WARD 2d *et al. versus* TIMOTHY FULLER *et al.*

Where a party claiming a title to land relies upon a deed in which he is not the grantee, and which is not in his possession or under his control, he may give in evidence an office copy.

As by our statute a deed cannot be recorded until it has been acknowledged before a magistrate, the registry is *primâ facie* evidence of its authenticity ; and where a copy is admitted in evidence, no other proof of execution need be produced.

In the absence of other evidence, a deed of land duly acknowledged and recorded, raises a presumption that the grantor had sufficient seisin to enable him to convey, and also vests the legal seisin in the grantee.

The devisee of vacant and unoccupied land has, by operation of law, without an entry, such a seisin as will enable him to maintain a writ of right.

A writ of right may be maintained without proof of an actual perception of profits.

THIS was a writ of right, brought by the demandants, some in their own right and others in the right of their wives, as the heirs of Jane Pigeon, their grandmother, to recover a lot of land bounded on Garden street, in Boston.

At the trial, before *Shaw* C. J., the case stated for the demandants was, that Jane Pigeon took an estate by devise under the will of her father, Edward Dumaresque, which will was executed in 1763 and proved in 1767.

To prove the seisin of Edward Dumaresque, registry copies of several deeds were offered, and though objected to by the tenants, were admitted as competent evidence, viz. a deed from Jeremiah Allen to Thornton Barrett, in 1729,— a deed from Barrett to Dumaresque, in 1736,— and a deed of division between the heirs of Allen in regard to other lots in the same tract, in 1747 ; and as further evidence of the seisin of Dumaresque, several deeds given by him of the same lot, and reconveyances or releases of the same lot to him.

To the admission of all these copies the tenants objected, but the objections were overruled.

The jury were instructed, that a deed duly executed, acknowledged and registered, gives a seisin *de facto* to the grantee, and a *primâ facie* title ; and that a seisin once proved is presumed to continue, until it is proved to have been changed by a conveyance, disseisin or death.

No entry being shown to have been made by Jane Pigeon,

16 *

Ward
*v.*
Fuller.

to give effect to the devise of her father, the demandants of fered evidence to prove, that in 1767, when the devisor died, and for many years afterwards, the land in question, and the adjoining lots, were open, vacant and unoccupied; and on this point evidence was gone into at length, on both sides.

This evidence was left to the jury, with the instruction, that if, at the time of the death of the devisor, the land in question was open, vacant and unoccupied, the devise to Jane Pigeon took effect, without proof of an actual entry, and she became seised under it.

The tenants, in order to disprove the demandants' right by descent, gave in evidence the will of Jane Pigeon, executed in 1803 and proved in 1809, insisting that in its terms it embraced all her estate, and of course, if she had any interest in the land in controversy, it passed by the will.

To avoid the effect of this objection the demandants offered evidence to show, that Jane Pigeon, previously to her death, was actually disseised of the estate in question, by persons claiming title adversely, and that she continued so disseised to the time of her death.

This fact was left to the jury upon the evidence, with instructions, that if Jane Pigeon was disseised at the time of her death, her devise did not take effect, but the land, by operation of law, passed to her heirs by descent, as claimed by the demandants in their writ.

A verdict was returned for the demandants; which the tenants moved to set aside.

March 13th, 1833.

*T. Fuller,* in support of the motion, argued that the demandants were privies to the deeds of which copies had been admitted in evidence, and that it was therefore incumbent on them to have produced the originals, or shown that they had made search for them; that although an ancient original deed, acknowledged and recorded, proves itself, that is, that it was executed, yet it does not prove that any title passed by it to the grantee, without evidence that the grantor was seised, 1 Stark. Ev. (4th Amer. ed.) 67, 345, and note 1 ; *St.* 1783, c. 37, § 4 ; *Prince* v. *Wells,* 4 Mass. R. 64 ; *Higbee* v. *Rice,* 5 Mass. R. 352 ; *Warren* v. *Childs,* 11 Mass. R. 222 ; *Goodwin* v. *Hubbard,* 15 Mass. R. 214 ; that an entry by Jane

P.geon as devisee ought to have been proved, for the distinction which dispenses with an entry upon waste land has reference to the masses of wild lands in this country, and not to vacant ots in a populous city ; and that the taking of esplees must be shown, in order to sustain a writ of right ; *Dally* v. *King*, 1 H. Bl. 1 ; *Williams* v. *Woodard*, 7 Wendell, 250.

*Aylwin* and *Bartlett*, for the demandants, cited in regard to the admissibility of the copies, *Eaton* v. *Campbell*, 7 Pick. 12 ; 1 Stark. Ev. (4th Amer. ed.) 368, note ; as to the effect of a deed acknowledged and recorded, *Pidge* v. *Tyler*, 4 Mass. R. 541 ; *Marshall* v. *Fisk*, 6 Mass. R. 24 ; as to the necessity of an entry upon waste lands, and taking esplees, *Wells* v. *Prince*, 4 Mass. R. 67 ; *Jackson* v. *Howe*, 14 Johns. R. 406 ; *Green* v. *Liter*, 8 Cranch, 249 ; 3 Mass. R. 581.

MORTON J. delivered the opinion of the Court. The demandants, who are grandchildren and heirs of Jane Pigeon, claim the demanded premises by descent from her. Jane Pigeon derived her title, by devise, from her father, Edward Dumaresque. To give effect to the will of Dumaresque, it was necessary to prove that he died seised. For this purpose certified copies of deeds to the testator's grantor and from him to the testator himself, were offered and admitted in evidence.

Were these copies admissible ? And if so, what is the legal effect of them ?

Where the party relying upon a deed of conveyance, is the grantee, or person who is entitled to the possession of it, he must produce the original, or lay a founaation, in tne usual manner, for the introduction of secondary evidence. But where any other person has occasion to introduce deeds in support of his title, he has a right to use office copies, and of course is excused from proof of their execution. *Eaton* v. *Campbell*, 7 Pick. 12 ; *Scanlan* v. *Wright*, 13 Pick. 523.

In England, where the muniments of title usually pass with the land, the practice may be different. And where the law of primogeniture prevails and the partition and alienation of estates are infrequent and discouraged by the policy of the government, it may be expedient and wise to require all who claim under deeds, whether directly or remotely, to produce

Ward
*v.*
Fuller.

*March 18th,*
1833

and prove the originals. But in this State, where the evi-
dence of title is retained by the grantor and passes into the
hands of his executors or administrators, and where it is the
policy of the government to provide all reasonable facilities
for the distribution and transfer of estates, such a rule would
be inconvenient and impolitic.

As by our statute, deeds cannot be recorded until they
have been acknowledged before a competent magistrate, the
registry is evidence of their authenticity, and where copies
may be admitted no other proof of execution need be pro-
duced.

We do not rely on the great antiquity of the deeds offered
in this case, which of itself might be presumptive evidence
of their genuineness ; for we are not aware, that in this re-
spect, there would be any difference between ancient and
recent deeds.

It does not appear that Jane Pigeon was executrix of her
father's will ; and there is no presumption that her father's
title deeds came into her hands. But even if it were so, the
demandants were not the executors of her will, and so cannot
be supposed to have the custody of her title deeds or other
papers.

The deeds having been properly admitted, the next and
more important inquiry is, how far they are evidence of the
seisin of the testator. No direct proof of actual possession
can ever be expected, after so great a lapse of time. Unless
therefore seisin can be inferred from deeds or other documen
tary evidence, it can never be established, and all titles de-
pending upon so remote a seisin must fail.

What is the operation and legal effect of a deed duly ac
knowledged and recorded ?

The statute of 1783, *c.* 37, § 4, provides that all deeds, &c.,
signed and sealed by the grantor, having good and lawful
right and authority thereunto, and acknowledged by such
grantor and recorded at length in the registry of deeds, shall
be valid to pass the estate conveyed, without any other act or
ceremony in the law whatsoever. This was intended to be a
substitute for the old and less convenient common law mode
of conveyance by feoffment and livery of seisin. The registry

gives more certain and extensive information of the alienation of estates, than the notoriety derived from livery of seisin. It enables every person, by a proper use of known and convenient means, to ascertain the legal verity of all titles. *Wells v. Prince*, 4 Mass. R. 68 ; *Pidge* v. *Tyler et al.*, ibid. 541 Nothing more was to be done ; no delivery of possession, nor " any other act or ceremony," was required, to perfect the transfer of estates. " A conveyance by deed, duly acknowledged and registered, is, by our statute of enrolments, equivalent to livery of seisin." *Higbee v. Rice*, 5 Mass. R. 352. It gives to the grantee legal investiture of the land conveyed, and has the same effect as if the grantor entered upon the land and gave actual seisin by the formal delivery of turf and twig. *Warren* v. *Childs*, 11 Mass. R. 225 ; *Goodwin* v. *Hubbard*, 15 Mass. R. 214.

But the statute gives this effect to deeds, only when made by those " *having good and lawful right or authority thereunto.*" The seisin of the grantor is undoubtedly necessary, to give effect to his conveyance, and without this it would be inoperative. But how may this seisin be proved, and is the deed itself any evidence of it ? Must every one relying upon a deed in support of his title, be compelled to show the seisin of the grantor, before he can be allowed to give the deed in evidence ? We think not. It would, in many cases, be impracticable, and thus exclude the highest and most certain evidence of title.

We have already seen that a deed of conveyance acknowledged and recorded is equivalent to feoffment with livery of seisin. And as this could be perfected only upon the estate conveyed, the deed itself may be considered as presumptive evidence that the grantor had such a seisin as would render operative the act done by him. The legal presumption is, that seisin follows the title, and that they correspond with each other. Surely he who can trace his title through a chain of recorded conveyances, although without proof of entry or occupation by any one, should have a preference over him who has neither title nor possession. But it is only *primâ facie* evidence and liable to be rebutted and disproved. And the rule which we intend here to establish is, that in the

absence of other evidence, the deed itself raises a presumption that the grantor had sufficient seisin to enable him to convey, and also operates to vest the legal seisin in the grantee. In a transaction so ancient as the one under consideration and where the conveyances are so numerous, the presumption is greatly strengthened.

The seisin of Dumaresque having been thus shown, his will acted upon and passed the demanded premises to Jane Pigeon, his devisee. But it does not appear that she ever entered upon the estate devised. And the general rule of law is, that the entry of the devisee is necessary to give her a seisin. *Wells* v. *Prince*, 4 Mass. R. 64 ; *Williams* v. *Woodard*, 7 Wendell, 250. But this rule has its exceptions and qualifications. And it is laid down in the same cases, that where the tenements devised are vacant and unoccupied land, an entry is not necessary, but the devisee becomes seised by operation of law. Although the devisee might enter upon such land, yet there being no occupant upon whom she could enter, it would be an idle and unmeaning ceremony. And *lex non cogit ad vana seu impossibilia*.

That the demanded premises were vacant and unoccupied, has, upon satisfactory evidence, been found by the jury. However improbable it may be, that such land should be found in a city where lots are so valuable and in so much demand, yet it is not impossible, and has in this case been proved to exist. Jane Pigeon having thus become seised of the premises, the presumption is that she continued to be seised, and that upon her death they descended to the demandants, who by operation of law became seised of the same.

But Jane Pigeon did not die intestate. She left a will, in which she devised her whole estate, including the demanded premises, to persons other than the demandants. It however was proved, and found by the jury, that she was disseised in her lifetime and that the premises were actually possessed by persons claiming adversely to her till her death. She being thus disseised, the devise did not take effect upon the premises, but the right of the testator to them descended to the demandants, who may well count upon her seisin within forty years, and are now entitled to recover in this action.

But it does not appear that the demandants, or Jane Pigeon, under whom they claim, ever had the *actual occupancy* of the demanded premises; and the tenants' counsel contend that *seisin in deed* and the *actual perception* of profits are indispensable to the support of this action.

That, at common law, a seisin in deed, in contradistinction to a seisin in law, was necessary to maintain a writ of right, is established by a long and unbroken chain of authorities. Co. Lit. 293 *a* ; 9 Vin. Abr. 307, *Droit de Recto, C ; Bevil's case*, 4 Coke, 9 *a* ; 2 Wms's Saund. 45 *b*, note ; *Dally* v. *King*, 1 H. Bl. 1 ; *Saunders* v. *Annesley*, 2 Sch. & Lefr. 104 ; *Hovenden* v. *Annesley*, 2 Sch. & Lefr. 623. The same doctrine seems to be adopted by a learned jurist of our own country. Jackson on Real Actions, 279, 280.

But it is believed that a seisin in deed may be acquired without an actual entry upon the land. Livery of seisin of one of several parcels of land gave seisin of the whole. So the entry upon one of several parcels conveyed in the same deed, was as effectual as an entry upon each parcel. Lit. § 417, 418. So if a man having good title to land, but not daring, for fear of personal injury, to enter upon it, approach as near as he can with safety and claim the land to be his, it gives him as good a seisin as an actual entry. Lit. § 419. Actual seisin is as necessary to complete a tenancy by the curtesy, as to maintain a writ of right. And yet it is said in Hargrave's note 162, to Co. Lit. 29 *a*, that if land be leased for years, and the husband neither enter nor receive rent, yet he shall be tenant by the curtesy. And in *Beekman* v. *Sellick*, 8 Johns. R. 202, where the wife was devisee of unoccupied lands, upon which neither she nor her husband ever entered, she had such a seisin in fact as entitled her husband to a tenancy by curtesy. In relation to such land, the possession is presumed to follow, and remain with, the title, till an adverse possession be shown. It may well be understood that the English rule had reference to cultivated lands. *Jackson* v. *Johnson*, 5 Cowen, 98.

It is apparent that there may be a constructive seisin in deed, without an actual entry ; and that this principle may extend to vacant and unoccupied lots, as well as to wild and

Ward
v.
Fuller.

uncultivated lands.    Whether it should be even thus re-
stricted, may well be doubted.    In cases of descent, the law
vests the legal seisin in the heir, and without any evidence of
adverse occupancy, the presumption is that he has the actual
possession.

The form of counting in writs of right, and the rule as to
the actual seisin, were doubtless established when the fact of
seisin was deemed much more important than it now is, and
when the most perfect titles were created by mere livery of
seisin, without any deed or other written evidence of title.
The form and the rule, in this as in many other instances, are
preserved after the reason of them has in a great measure
ceased to exist.    In an action where the object is to try
the right, it is not easy to perceive any sufficient reason for
making a distinction between seisin in law and seisin in deed.

On the whole, we are well satisfied that Jane Pigeon had
such a seisin as will enable the demandants to maintain their
action upon her seisin.    But it is further contended, that
the demandants are bound not only to prove a seisin, but
an *actual perception* of profits.

It is true, that in all the ancient forms the seisin is alleged,
" *by taking the esplees thereof to the value of,*" &c., that this
form is now usually observed in practice ; and is retained by
a most accurate and learned pleader of our own State.    But
in an able opinion, sanctioned by the most respectable court in
this country, if not in the world, it is said by another learned
jurist of our own State, from whom we have derived most
of our views upon this point, " that the taking of the esplees
is not a traversable averment."    *Green* v. *Liter*, 8 Cranch,
246.    If not traversable, it need not be proved ; and the
omission of it, especially after verdict, is not fatal.

Proof of the perception of profits is not necessary to sup-
port the action.    It may in some cases be one mean of
showing the seisin.    But the seisin being established, the
taking the esplees is an inference of law which cannot be
controverted.    There may be a perfect seisin of land which
is entirely unproductive, or under lease, where the tenant is
entitled to the profits, or where the profits are taken by a mere
trespasser.    So there may be a valid title and an actual seisin,

and yet in fact no esplees in existence. But in all these cases, by intendment of law, the person who has the seisin, takes the esplees.

We are of opinion that this objection cannot prevail, and that there must be

*Judgment on the verdict.*