LOUIS C. GRATON *vs.* CITY OF CAMBRIDGE & others.

Middlesex.     December 9, 1926.— April 21, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

Bond, Of tax collector. *Municipal Corporations*, Officers and agents. *Equity Pleading and Practice*, Parties.

An individual injured by a breach of the bond given by a collector of taxes of a city under G. L. c. 60, § 13, has no right, upon a refusal by the city to bring suit upon the bond or to permit the plaintiff to put the bond in suit in the name of the city although the individual offered to give the city any reasonable indemnity against any liability that might accrue to it as a result of such a suit, to maintain a suit in equity against the collector and the city and the surety on the bond seeking that the city be decreed trustee of the bond for the benefit of the plaintiff, that the condition of the bond be declared broken, and that execution be ordered to issue for the amount the individual had been damaged.

*It was stated*, that the decision in *Skinner* v. *Phillips*, 4 Mass. 68, did not require a finding that the official bond given by a collector of taxes of a city under G. L. c. 60, § 13, should stand as security for harm suffered by individuals through the failure of the collector properly to perform the duties imposed on him by that statute.

BILL IN EQUITY, filed in the Superior Court on August 13, 1925, and described in the opinion.

The defendant demurred. The demurrer was heard by *Bishop,* J., by whose order there was entered an interlocutory decree sustaining the demurrer and a final decree dismissing the bill. The plaintiff appealed.

*R. W. Hale,* (*D. Burstein* with him,) for the plaintiff.

*W. T. Snow,* for the defendants.

PIERCE, J. This is a suit in equity against Henry F. Lehan, treasurer and collector of taxes of the city of Cambridge, and the Massachusetts Bond and Insurance Company, also called and known as the Massachusetts Bonding and Insurance Company, the surety on the official bond given by the said Henry F. Lehan to the city of Cambridge and conditioned on the faithful performance of all the duties of his several offices. The defendant city of Cambridge is joined as party defendant on account of its refusal to give the plaintiff permission to sue on the said bond at law in the name of the city of Cambridge.

In substance the bill charges that Lehan, on July 30, 1924, was the treasurer and collector of taxes for the city of Cambridge, elected under Plan B, St. 1915, c. 267, Part III; that he was required by G. L. c. 60, § 13, to give a bond for the faithful performance of his duties, and did on or before July 30, 1924, give a bond to the city of Cambridge conditioned that "Henry F. Lehan shall faithfully perform all the duties of said several offices as required by law"; that by St. 1909, c. 490, Part II, § 20, now G. L. c. 60, § 23, "The collector of taxes for any city, or for any town having more than five thousand inhabitants . . . shall, on application in writing by any person, and within two days thereafter, furnish to any such applicant a statement in writing of all taxes and other assessments which at the time constitute liens on the parcel of real estate specified in such application and are payable on account of such real estate . . . "; that the Massachusetts Bond and Insurance Company was surety on the above mentioned bond; that the plaintiff made application under the statute to Lehan, as collector of taxes, for a written statement of all taxes and

other assessments at the time constituting liens against the premises which he had agreed to buy at 182 Brattle Street, in the city of Cambridge, free and clear of all encumbrances, including municipal or other liens and encumbrances; that Lehan furnished a statement in writing, entitled a "Certificate of Municipal Liens," signed by Henry F. Lehan, treasurer and collector of taxes, and dated July 31, 1920; that thereafter the plaintiff purchased the said premises acting and relying on said statement or certificate; that the statement was erroneous, in that there was a sidewalk assessment which was a lien on the purchased land; that the plaintiff was compelled to pay this assessment in order to avoid a public sale of the premises; that the plaintiff requested the city of Cambridge to bring suit upon its collector's official bond or to permit the plaintiff to put the bond in suit in the name of the city; that the plaintiff offered to give the city any reasonable indemnity against any liability that might accrue to it as the result of such a suit; and that the city refused to bring suit itself or to permit the plaintiff to sue in the name of the city of Cambridge.

The bill contains the prayers which follow: "1. That the city of Cambridge be decreed trustee for the benefit of the plaintiff of the official bond given by Henry F. Lehan to the city of Cambridge. 2. That the condition of the said bond be decreed to have been broken by the defendant, Henry F. Lehan, and that execution be ordered to issue thereon in the sum of $250.28 with interest from August 11, 1921. 3. And that the plaintiff may have such other and further relief as the nature of the case may require."

The defendant Massachusetts Bonding and Insurance Company demurred to the bill and assigned as a reason therefor "that the matters therein contained are not sufficient in law or in equity to entitle the plaintiff to maintain his action against this defendant." The demurrer was sustained, and, the plaintiff electing to stand on his pleadings, it was "ordered, adjudged and decreed that the plaintiff's bill be, and the same hereby is, dismissed." The case is before this court on the appeal of the plaintiff from the inter-

locutory decree sustaining the demurrer and from the final decree dismissing the bill.

The plaintiff concedes that no action at law could be maintained by him in his own name or in the name of the obligee, without showing an assignment in fact, or through permission to use the name of the obligee. *Commonwealth* v. *Hatch,* 5 Mass. 191. *Crocker* v. *Fales,* 13 Mass. 259. *Robbins* v. *Hayward,* 16 Mass. 524. *Sanders* v. *Filley,* 12 Pick. 554. *Grout* v. *Harrington,* 19 Pick. 403. *Flynn* v. *North American Life Ins. Co.* 115 Mass. 449. He rests his case upon the contention that the law did not require the execution of such bonds for the purpose of protecting the rights of the Commonwealth alone, but that they were designed to secure the faithful performance of official duties, in the discharge of which individuals have a deep interest, and, therefore, they should have the privilege in equity of suing on such bonds for injuries sustained by them through the negligence and malconduct of the officers, *Skinner* v. *Phillips,* 4 Mass. 68, *Howard* v. *United States,* 184 U. S. 676; that the obligee in such a case and in the case at bar is a trustee for the plaintiff, *Skinner* v. *Phillips, supra, Commonwealth* v. *Hatch, supra, Robbins* v. *Hayward, supra;* that it was the duty of the obligee to institute proceedings on the bond at the relation of the plaintiff and for it as beneficiary; and that its failure and refusal so to do created a right in the plaintiff to proceed in equity against all parties to the bond. *First National Fire Ins. Co.* v. *Salisbury,* 130 Mass. 303, 310.

It is not argued by the defendant that the Superior Court had not jurisdiction to entertain the bill; nor that an action on an official bond payable to the Commonwealth or to a city or town must be brought in the name of the obligee, whether the object of the suit be to enforce the rights of the obligee or to protect private interests, in the latter case the action being in the name of the obligee at the relation or for the use of the real party in interest; as to which see *Commonwealth* v. *Hatch, supra; Northampton* v. *Elwell,* 4 Gray, 81; *Howard* v. *United States, supra; Carmichael* v. *Moore,* 88 N. C. 29; *Byrd* v. *Crutchfield,* 7 Ark. 149.

The question for decision is, Did the enactment of St. 1909,

*supra,* show a legislative intention to enlarge liability under
the bond of the collector of taxes (Rev. Sts. c. 15, § 80, now
G. L. c. 60, § 13) to cover the duty imposed on the collector of
taxes by that statute, and, if so, did it give to any person in-
jured through the default of the collector of taxes in the
performance of such duty a right at his own expense to bring
a suit on the bond in the name of the obligee and prosecute
the same to final judgment and execution?

We think the Legislature did not intend to give persons
injured by the breach of the bond of the collector of taxes
any right to demand that the obligee should prosecute the
bond for the benefit of the party injured by the failure of the
obligor properly to perform the imposed duties, and that no
right by implication was given a person injured to prosecute
the bond, should the obligee, though indemnified against loss,
refuse to take action on the bond.   No case in our reports
that we have found recognizes that a person injured through
the breach of an official bond has by implication a right to
sue upon that bond.   When the Legislature has intended
that a person other than the obligee of such a bond should
have a right to prosecute an action upon it, the right has
been conferred in unmistakable language and the functions
of the obligor have been private in their nature.   G. L. c. 30,
§ 39, (St. 1922, c. 416), G. L. c. 149, § 29, Contractor's bonds.
G. L. c. 37, §§ 2, 8 (St. 1924, c. 404, § 4), Sheriffs.   G. L.
c. 38, §§ 3, 4 (St. 1924, c. 404, § 7), Medical Examiners.   G. L.
c. 105, §§ 1, 3, Public warehousemen.   G. L. c. 138, § 43
(St. 1923, c. 291), Intoxicating liquors.   G. L. c. 169, § 2
(St. 1923, c. 473, § 2), Depositaries other than banks.   St.
1921, c. 500, Storage of fireworks.   St. 1922, c. 512, Probate
bonds.   Where the obligors are public officers and their
functions are largely ministerial, the right of private prosecu-
tion has not been given.   G. L. c. 35, § 3 (St. 1924, c. 404,
§ 2), County Treasurers.   G. L. c. 36, § 3, Registers of Deeds.
G. L. c. 41, § 13, Town Clerks.   G. L. c. 41, § 35 (St. 1926,
c. 65, § 1), Town Treasurers.   G. L. c. 41, § 37, Deputy
Collectors.   G. L. c. 41, § 40, Temporary Treasurer.   G. L.
c. 41, § 46, Treasurer of trust funds.   G. L. c. 73, § 4 (Sts.
1921, c. 486, § 19; 1923, c. 362, § 60), Principals of State

Normal Schools. G. L. c. 60, § 13, Collector's bond (the bond in suit). See *Commonwealth* v. *Hatch, supra; Crocker* v. *Fales, supra.*

The case of *Skinner* v. *Phillips, supra,* relied upon by the plaintiff, is a case which came before the court upon *scire facias* after a judgment for the penalty had been recovered by the treasurer of the Commonwealth and after the plaintiff had recovered against the sheriff for malfeasance and misfeasance in office. The court held that the bond given by the sheriff pursuant to St. 1783 was intended by the Legislature to cover any breach of it, whether the damage occasioned by it accrued to the Commonwealth or to an individual; and that the State treasurer was a mere trustee of the bond for the use of those who may suffer by a breach of its conditions whether it be to the Commonwealth or private persons.

We cannot see anything in that case which requires a finding in the case at bar that the Legislature intended the collector's bond should stand as security for harm suffered by individuals through the failure of the collector properly to perform the duties imposed on him by G. L. c. 60, § 23.

*Decree affirmed with costs.*