ASA AUGER & another *vs.* CITY OF NEW BEDFORD.

Bristol.    November 7, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Public Officer.  Contract,* Implied.  *Municipal Corporations,* Officers and
agents.  *Collector of Taxes.*

Collectors of taxes in the cities and towns of this Commonwealth are not
agents of the cities or towns; they are public officers, and the cities
and towns, in which they act as such officers, cannot be held to answer
for their default or neglect in the performance of their duty.

There is nothing in G. L. c. 60, § 98, which gives a right to recover in an
action of contract against a city for damages caused by an error or
neglect of its tax collector.

CONTRACT upon a declaration as amended, described in
the opinion.  Writ dated October 1, 1927.

The defendant demurred to the declaration.  The de-
murrer was heard in the Superior Court by *Greenhalge,* J.,
and was sustained.  Judgment was ordered for the de-
fendant.  The plaintiffs appealed.

The case was submitted on briefs.

*A. Auger,* for the plaintiffs.

*B. B. Barney & H. A. Lider,* for the defendant.

CARROLL, J.  In the Superior Court the defendant's de-
murrer to the plaintiffs' amended declaration was sustained.
The plaintiffs appealed from the order, "Judgment for the
defendant."

The first count sets out that the plaintiffs were mortgagees
of certain real estate in New Bedford; that the mortgagor
was one Bindas; that default was made by the mortgagor,
and the plaintiffs, on September 23, 1927, "took possession
of said land for the purpose of foreclosing said mortgage";
that the collector of taxes for the defendant city advertised
the land for sale September 29, 1927, for nonpayment of
taxes for the year 1926; that "said taxes had been paid on

October 25, 1926"; that in January, 1927, the plaintiffs called at the tax collector's office of New Bedford and were informed that the tax on the premises in question had been paid; that they were shown the books where it appeared that the tax had been paid; that a writing was given them also showing payment of the tax; that relying on these statements the plaintiff, in January, 1927, did not require the owner to pay the tax and did not then start foreclosure proceedings; "that notwithstanding that the tax[es] on said premises had been paid and that the plaintiffs were told they had been paid as aforesaid and to the damage and prejudice of the plaintiffs, the said collector advertised said property to be sold as aforesaid; that the plaintiffs as mortgagees in order to protect themselves and to avoid a sale for nonpayment of said taxes, on said September 27, 1927, paid said tax under written protest," amounting with interest and costs to $402.26; that the mortgagor was insolvent, and the plaintiffs' security for the mortgage note is inadequate, and they have no remedy except against the defendant for the loss caused by the collector "in forcing the plaintiffs to pay said tax." The second count was for the same cause of action according to the account annexed.

Collectors of taxes in the cities and towns of this Commonwealth are not agents of the cities or towns; they are public officers, and the cities and towns, in which they act as such officers, cannot be held to answer for the default or neglect of a collector of taxes in the performance of his duty. *Graton* v. *Cambridge*, 250 Mass. 317. *Graton* v. *Cambridge*, 259 Mass. 310. See *Bolster* v. *Lawrence*, 225 Mass. 387, 389, where the cases are collected. If a clerical error was made by the collector or by one of his clerks in entering on the official books as payment of taxes on the property mortgaged to the plaintiffs, a payment made by another tax payer on his own property, the defendant city was not responsible under the law for this mistake. Whatever remedy the plaintiffs may have, if any, it cannot be obtained against the city in this action. There is nothing in G. L. c. 60, § 98, which gives the plaintiffs the right to recover against the defendant city for the error or neglect of its tax collector.

The plaintiffs had no cause of action against the defendant. The demurrer to both counts was sustained properly. See *F. W. Stock & Sons* v. *Snell*, 213 Mass. 449, 452, 453.

*Order "Judgment for the defendant" affirmed.*