Estes, J.
This is an action for money had and received by .the defendant to the plaintiff’s use, and for money paid by the plaintiff to the defendant under a mistake of facts. The answer is general denial, and a plea that the plaintiff is not entitled to recover under her declaration, because she has not complied with the Statutes provided in such cases.
On agreed facts it appears that the plaintiff was the holder of a mortgage on real estate in Wareham which mortgage she foreclosed in October 1930, and she bought the mortgaged premises at the sale. The taxes assessed for the year 1930 wére not paid, and the tax collector of the defendant Town sold the mortgaged premises at tax sale December 21, 1931, to one Burgess. Thereafter, through the year 1936, taxes on these premises were assessed both to the plaintiff and to Burgess, and were paid by both. Burgess filed a petition in the Land Court to foreclose the right to redeem under the tax title. By order of the Land Court the plaintiff was allowed to redeem by paying to Burgess the taxes he had paid, and other charges.
*375 The plaintiff now seeks to recover for the double payment. She claims that the amounts she paid to the Town should be recovered under her declaration, because the Town received money which in equity and good conscience it should not have received, and should not retain
We have much sympathy for the position of the plaintiff. It seems to us, however, that General Laws Chapter 60, Section 98 clearly bars recovery by the plaintiff in the present action. Wheattland vs. City of Boston, 202 Mass. 258: See Auger vs. City of New Bedford, 265 Mass. 327: See also Proprietors etc. vs. Unemployment Comp., Com. Mass. Adv. Sheet (1938) 1519 at 1521. Assuming that the tax assessed against her was wholly void (Central National Bank vs. City of Lynn, 259 Mass. 1) and that the form of action is correct, it is, nevertheless, a condition precedent to her right of action that it must be brought within three months after payment of the tax.
In the peculiar facts of this case the plaintiff, not knowing of the tax sale, did not know she was being illegally assessed, or that the purchaser of the tax title was likewise being assessed on the same property. It is, obviously, a hard case to refuse recovery, but, apparently the Legislature did not have such a circumstance in mind when the Statute was enacted.
We regret we cannot assist the plaintiff, but her only remedy seems to lie in an appeal to the General Court to enact such legislation as will give her relief.
No error appearing the Report is Dismissed.