NEW-YORK, May, 1831.

Williams
v.
Woodard.

---

## WILLIAMS vs. WOODARD.

A *writ of right* cannot be sustained by a *devisee* upon the seisin of his *testator*; and accordingly a *count* by a *devisee* claiming the premises upon the *seisin* of the *devisor* was adjudged upon demurrer to be bad.
Leave to *amend*, however, was given upon the usual terms.

DEMURRER to count in writ of right. By the *writ*, the sheriff is directed to command the defendant to render to the demandant one messuage, 200 acres of meadow land, &c. which the demandant claims to be his *right and inheritance*, and whereof he complains that the defendant deforces him, and unless, &c. and if, &c. to summon, &c. In the *count* the demandant demands one messuage, &c. as by *right and inheritance*, by writ of the people of the state of New-York of right, and therefore *saith* that John Williams, esquire, late of, &c. the *father* of the demandant, long before and at the time of making the de-

vise hereinafter mentioned, was *seised* of the messuage and tenements aforesaid, in his demesnes, as of fee and right, in the time of peace, to wit, within 25 years now last past, by taking the *esplees* thereof, to the value, &c., and being so seised thereof on the third day of March, 1806, duly made and published his last will and testament, and thereby gave and *divised* the messuage, &c. above demanded, to the said demandant, his heirs and assigns, forever ; and the demandant *further saith* that the testator afterwards, to wit, on the 22d July, 1806, *died seised* of the messuage, &c. without altering or revoking his will; upon whose death the *demandant became seised,* under and by virtue of the will, of the messuage, &c. as his *right and inheritance as divisee as aforesaid,* and that such, his right, he offers, &c. To this count the defendant *demurs,* and signs for causes of demurrer, 1st. That the demandant demands the said messuage, &c. as his right and *inheritance,* when, by the count, it appears that the right of the demandant came to him by *devise of will,* and not by descent or inheritance ; and 2d. That he claims his right and title to demand the said messuage, &c. by *devise of will,* and not by descent or inheritance, and does not allege that he was ever seised thereof by himself taking the *esplees* thereof, to the value, &c. within the time of peace, to wit, within 25 years next before the suing out of the writ, &c.

*S. Stevens,* for defendant.

*J. Willard,* for plaintiff.

*By the Court,* SUTHERLAND, J. This is a demurrer to the plaintiff's count in a writ of right ; and the main question which it presents upon the merits is whether a writ of right can be sustained by a *divisee* upon the seisin of his *testator.* It seems to be well settled by the English authorities that it cannot. In Coke Lit. 293, a., Commentary on § 514, it is said, if neither he, the demandant, nor any of his ancestors were seised of the land within the time of limitation, he cannot maintain a writ of right, *for the seisin of him of whom the demandant himself purchased the land availeth not.* Mr. Ser-

NEW-YORK,
May, 1831.

Williams
v.
Woodard.

geant Williams, in a very elaborate and learned note to *Williams* v. *Gwyn*, 2 Saund. 45, b. says : " In order to maintain this action, (a writ of right,) the demandant must shew an actual seisin, either in *himself* or his *ancestor*, by taking the esplees or profits of the land ; therefore it is held that a *purchaser* cannot maintain the action, unless *upon his own seisin*, and that the seisin of the person from whom the demandant purchased is not of any avail ; for seisin in the ancestor necessarily means seisin in a person from whom there is *a descent ;*" and cites the section and commentary already referred to in Coke Lit. 293, a., and *Dally* v. *King*, 1 H. Bl. 1.

In *Dally* v. *King*, the demandant claimed as heir to a devisee in fee in remainder, who of course took by purchase, and who died before the determination of the particular estates for lives upon which his remainder, was expectant, so that he was never seised of the land, and upon his death the remainder descended upon the demandant as his heir, who brought a writ of right ; it was held that he could not recover, because there was no seisin, either in himself or his ancestor, the devisee, by taking the esplees.  That case, it is true, does not decide that a devisee cannot recover on the seisin of his testator. The demandant was not the devisee, but was the heir at law of the remainderman, who died before the determination of the particular estates, and of course without ever having been actually seised.  There was no actual seisin therefore, except the seisin of *Maurice Barby*, the testator, and of the devisee's tenants for life under his will, by whose death the estate had devolved, under the will also, upon John Barby, from whom it descended to the demandant as his heir.  The demandant claimed as heir of John Barby, and it was indispensable that he should show seisin either in his ancestor or himself. The seisin of the *testator* of his ancestor could not avail him, admitting that the devisee might recover on the seisin of his devisor, because the demandant was not such devisee. Claiming as heir, he must show seisin in himself or his ancestor. But the broad doctrine was advanced in that case, that a purchaser could not recover in a writ of right on the seisin of his grantor or devisor. In Comyn's Digest, tit. Droit, C. 3, the preceding case of *Dally* v. *King*, is stated and the editor, Mr. Kyd, adds

to it this note : " Hence it follows, that if the devisee under the will, or his representatives, let the time limited for an ejectment escape, they can have no remedy." Lord *Redesdale*, in *Saunders* v. *Lord Annesley*, 2 Sch. & Lef. 104, says : " A writ of wright does not lie for a devisee."

In the celebrated case of *Cholmendeley* v. *Clinton and others*, 2 Merivale, 255, 273, 304 and 329, it was conceded by all the counsel, and they were the most eminent in Westminster Hall, that a devisee could not maintain a writ of right except upon his own seisin. Sir *Samuel Romilly* says; " Mrs. Damer, the devisee, could unquestionably maintain no action but an action of ejectment." Mr. *Bell* says : " It is perfectly clear that a devisee cannot bring a writ of right. The only remedy Mrs. Damer could have, would be by ejectment, and if that is not brought in 20 years, there is an end of it." Mr. *Preston*, says: " This is a case in which we must treat Mrs. Dammer as the only plaintiff, and it is an acknowledged principle of law, that a devisee cannot maintain a real action till actual seisin." Mr. *Leach*, the opposite counsel, conceded such to be the law.

The precedents are all believed to be against the action in this form : none of them with the exception of *Dally* v. *King*, 1 H. Bl. 1, 10 Went. 213, in which the judgment was arrested, count upon the seisin of the testator of the demandant. 3 Chitty's Pl. 635.

I must confess I do not see any satisfactory reason or principle to sustain this discrimination between an *heir* and *devisee* in relation to this action. The seisin of the ancestor, it is true descends by mere operation of law upon the heir, and becomes his seisin. It is but a continuance of the same estate; but whether it descends by force of the common law, or is transmitted by force of the statute of wills, would seem to create no substantial difference in the relation subsisting between the original and the subsequent owner. The privity between a testator and a devisee is in many respects, in a legal point of view, as intimate and operative as that between an ancestor and an heir; and if an heir can avail himself, in order to sustain a writ of right of the seisin of his ancestor, I do not perceive why a devisee should not be allowed to count upon the seisin of his testator. But such appears to have been the long

NEW-YORK, established, and as far as I have discovered, the unquestioned
May, 1831. doctrine in England ; and there is no evidence of its ever hav-
          ing been questioned here.    We are therefore bound to consid-
Tucker    er it the law.   The case of *Green* v. *Liter and others*, 8 Cranch,
   v.     246, has no bearing upon this question.
Trustees of
Rochester.     This doctrine can have no connection with the question so
much discussed in *Varick* v. *Bacon*, 7 Cowen, 238, 2 Wendell,
166, S. C. as the power of a testator to devise lands not in
his possession, but held adversely at the time : for in the cases
which have been cited, the validity of the devise was not ques-
tioned: on the contrary, it was conceded ; for it is said in all
the cases, that the devisee might have recovered in ejectment,
if he had not suffered the statute to run against him.    This
admits the validity of the devise, and that it conferred a good
possessory title.

There is no question that a devisee, is, in law, a purchaser,
as much so as is a grantee.    Real estates are acquired only
by *descent* or *by purchase*.    2 Black. Comm. 201 241.    Coke
Lit. 18, b.    The demandant here claims as devisee, and not
as heir, and alleges seisin in his testator only, and not in him-
self—the count is therefore bad ; and the defendant must
have judgment on the demurrer, with leave, however, to the
demandant to amend, on the usual terms.    1 Cowen, 1.