## McCormick *vs.* B. Barnum.

A party entitled to bring a *writ of right* when the revised statutes went into operation, is not barred from a recovery in an *action of ejectment* subsequently commenced, by an *adverse possession* of less than *twenty five years.*

An owner of land is bound by a *division line*, recognized by his surveyor as correct, where the owner has given deeds in conformity to a map and field book made by the surveyor, and no efficient attempt is made for the period of 22 years to correct the line.

The admissions or declarations of such surveyor relative to a line adopted by him as the basis of his survey, made shortly after the survey, are admissible in evidence as the admissions or declarations of an *agent.*

This was an action of *ejectment*, commenced in May, 1830, tried at the Franklin circuit in February, 1831, before the Hon. Esek Cowen, one of the circuit judges.

The plaintiff being the owner of township No. *five* in Macomb's purchase, known by the name of *Bangor*, containing 13,568 acres, on the 4th May, 1804, sold the south-eastern *quarter* of the township to one William Cooper. In the summer or autumn of 1804, one *Copely* claimed to be the owner of 1800 acres of land out of the north-east corner of Cooper's

quarter of the township, and run a line dividing that quarter from the north half of the township, and immediately thereafter gave out contracts for land on the south side of the line thus run by him; and among others, gave a contract to the defendant for 100 acres, bounding the lands contracted to be sold on the north by the said line.   In October, 1805, the defendant entered into possession of the land contracted to be sold to him and began to clear the same, and has continued in possession to the present time.   The plaintiff claimed that according to an accurate survey of the township of Bangor, giving to the *south-east quarter* sold to Cooper the full one fourth of the whole quantity of land contained in the township, the defendant was in possession of about *ten acres* lying *north* of the south-east quarter; or, in other words, that the line run by Copely was inacurately run, embracing more land than should have been comprised within it.   The defendant insisted that having shown an *adverse possession* for more than *twenty years*, the plaintiff was barred from a recovery; but the judge decided, that as by the revised statutes the *action of ejectment* is substituted for the *writ of right*, a plaintiff seeking to recover lands is not barred by an adverse possession short of the period of *twenty-five years*.   The defendant then offered evidence to show an *acquiescence* on the part of the plaintiff in the *Copely line*.   He proved articles of agreement between the plaintiff and Richard Harrison, Esq. respecting township No. five, bearing date in 1805, by which Mr. Harrison was authorized to cause the lands in the township to be surveyed and subdivided into lots, and to sell the same or to enter into contracts for the sale thereof.   In the same year in which this agreement was entered into, Mr. Harrison employed two persons (*E. Wood* and *N. Baker*) to survey the north half of Bangor, and lay out the same into lots.   It was proved that immediately thereafter, *Baker* (who it was shown was dead at the time of the trial) said that he and Wood had been to examine the division line run by Copely; that they had found it to be as near right as two different surveyors would be likely to get it; that they had assumed it to be correct, and allotted the north half of the town accordingly;

ALBANY,
Jan. 1833.

McCormick
v.
Barnum.

and that they had made a field book and map of their survey, reported their proceedings to an agent of Mr. Harrison, and received payment for their services. Proof of these declarations of Baker was objected to, but the evidence was received. The defendant gave in evidence a deed from the plaintiff to one Plumb, bearing date in 1818, conveying 97 acres of land, described as No. 4 in a map and field book, of the north half of *Bangor*, made by *N. Baker* in 1805, and bounded on the south by the *Copely line.* The defendant also gave in evidence a deed from the plaintiff to one James Barnum of a lot adjoining the lot conveyed to Plumb, being lot No. 3 of *Baker's survey*, which last deed bore date in April, 1826, and proved that Barnum was present at Baker's survey, and entered into possession of the lot conveyed to him under a contract of sale, and has been in possession for 20 years. It also appeared that the house of the defendant was situated on the premises in question ; and that for the extent of four or five miles, the Copely line was the boundary between settlements *actually* made on the north by occupants claiming under the plaintiff, and on the south by occupants claiming under Cooper. The plaintiff offered to prove that being aged, he had committed the charge of his business to an agent, who in 1818, wrote to a sub-agent residing at Bangor, instructing him to have the division line between the south-eastern quarter of the township and the northern portion thereof re-run and corrected ; that the principal agent was absent in Europe for 7 or 8 years, and on his return finding that the line was not corrected, he, in 1827, caused the line to be correctly run, which included the premises now claimed to be recovered. This evidence was objected to, and rejected by the judge, who charged the jury that the defendant was entitled to a verdict, on the ground of the acquiescence of the plaintiff in the line run by Copely. The jury found a verdict for the defendant. The plaintiff moved for a new trial.

*H. Bleecker*, for the plaintiff. The judge correctly decided that the plaintiff in this case was not barred from a recovery by an adverse possession of less than twenty-five years. Previous to the revised statutes taking effect, an adverse possession of less than twenty-five years was no bar to a *writ of*

*right.* That remedy is abolished by the revised statutes, and the action of ejectment substituted; but it is expressly declared that the provisions of the statutes on this subject shall not apply where a right of action had accrued, or a right of entry existed previous to the time when the statutes went into operation, and that such right of action or right of entry, shall remain subject to the laws then in force, 2 *R. S.* 300, § 45; and by another provision, it is declared that ejectment may be brought in the same cases in which a *writ of right* might be brought at the passage of the law. 2 *R. S.* 303, § 1, 2. The judge, however, erred in receiving improper testimony, and in his charge to the jury. The evidence of the declarations of *Baker* ought not to have been received. The declarations of a person deceased, as to facts of a general character, may in certain peculiar cases be admitted in evidence, but not so as to particular facts; nor were the declarations of Baker admissible in evidence as the admissions of an agent of the plaintiff; to constitute them evidence, they should have been shewn to have been made while Baker was acting as the agent of the plaintiff, so that they might be considered as part of the *res gesta.* 1 *Johns. Cas.* 587. As to the charge to the jury: the defendant was not entitled to a verdict on the ground of the acquiescence of the plaintiff in Copely's line. That line was conceded by Baker to be correct; but such admission is not obligatory upon the plaintiff, unless it be shown that he subseqently recognized it with a full knowledge of the facts. He conveyed lands according to the map and field book furnished by Baker, but there is no evidence that he knew that the Copely line was erroneously run. A proprietor of lands is not concluded by the mistakes of his surveyor. The counsel insisted that none of the cases on the subject of acquiescence, which had been determined by this court, went the length of deciding that under circumstances like those in this case, a plaintiff was precluded from recovery. He cited and commented upon the following cases: 2 *Caines,* 146; *id.* 198, 210; 3 *Johns. R.* 269; 5 *id.* 506; 11 *id.* 123; 10 *id.* 377; 1 *Cowen,* 276; 4 *Wendell,* 58; 17 *Johns. R.* 29; 13 *id.* 346; 12 *id.* 485; 3 *id.* 8; 7 *id.* 12, 238; 9 *id.* 110; 8 *id.* 367; 11 *id.* 163.

ALBANY,
Jan. 1833.

McCormick
v.
Barnum.

*S. Stevens,* for the defendant, insisted that the case of *Rock-well* v. *Adams,* 7 *Cowen,* 701, and 6 *Wendell,* 467, were deci-sive against the plaintiff on the question of acquiescence.

*By the Court,* SAVAGE, Ch. J.   The provisions of the re-vised statutes upon which the decision of the circuit judge was founded, are the following : it is declared that " no action for the recovery of any lands, tenements, or hereditaments, or for the recovery of the possession thereof, shall be maintained, un-less it appear that the plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the premises in question, within 20 years before the commencement of such action." 2 *R. S.* 293, § 5.   The *seventh* section provides that an entry shall be made within 20 years after the right descended or accrued.   The *eighth* section recognizes 20 years adverse pos-session as a good bar.   And the *forty-fifth* section of the same title, p. 300, declares that " the provisions of the preceding arti-cles of this title shall not apply to any actions commenced, nor to any cases where the right of action shall have accrued, or the right of entry shall exist, before the time when this chapter takes effect as a law ; but the same shall remain sub-ject to the laws now in force."   At page 303 are the follow-ing sections : " The action of ejectment is retained and may be brought in the cases and the manner heretofore accustomed, subject to the provisions herein after contained ;" and " it may also be brought, first, in the same cases in which a writ of right may now be brought by law to recover lands, tenements or hereditaments ; and by any person claiming an estate therein, in fee or for life, either as heir, devisee or purchaser." The effect of all these sections is, that though twenty years ad-verse possession are, as formerly, a bar to the action of eject-ment, *proper,* if I may be allowed the expression, yet where ejectment is brought as a substitute for a writ of right, then 25 years are necessary to bar such suit.   And such substitut-ed action may be brought in all cases where the right to bring a writ of right existed when the revised statutes took effect, and subject to the same limitation as a writ of right.   I ap-ply this doctrine to this case thus : it appears in evidence that the defendant took actual possession under a written contract

for the premises in question in October, 1805. Twenty years had expired in October, 1825 ; but the right to bring a writ of right existed until October, 1830, that being the expiration of the 25 years. By the revised statutes, therefore, the plaintiff had a right to bring ejectment at any time within the same period.

The next ground of defence is *acquiescence* by the plaintiff, in the line run by Copely. In relation to this point of defence, it is insisted by the plaintiff's counsel that the declarations of Baker, who is dead, were improperly received in evidence ; on this subject the rule laid down by *Phillips*, in his *Treatise on Evidence, vol.* 1, *p.* 82, *N. Y. ed.* 1823, is that the declarations of an agent must be confined to such statements as are made by him either at the time of his making an agreement about which he is employed, or in acting within the scope of his authority. Within this rule the acts and declarations of Baker were properly admitted. He had been employed by the plaintiff's agent to run the line, which he did do, and declared Copely's line correct, adopted it and allotted the north part of the township upon it. The acts of Baker must, therefore, I think, be considered the acts of the plaintiff. The question then arises, whether the acts and subsequent acquiescence of the plaintiff are conclusive upon him. Cases of this description have been frequently before the court. The principle upon which they have all been decided, is this : that where parties agree upon a division line, either expressly or by long acquiescence, such line shall not be disturbed ; buildings and permanent improvements may be made upon the faith of the location of the line ; transfers may be made ; and to permit such lines to be altered might be productive of incalculable injury. In *Jackson* v. *Ogden,* 7 *Johns. R.* 283, where there had been an acquiescence of 18 years, the plaintiff was held to be concluded. In *Jackson* v. *Freer,* 17 *Johns. R.* 29, the actual location was held to prevail where there had been a possession of more than 20 years. The patent in that case had been surveyed into lots by direction of the surveyor general. Ch. J. Spencer says, the survey of the lots and the actual location of them was the joint act of all the parties interested, and must control. In *Jackson* v. *Widger,*

7 *Cowen*, 723, it was held that a surveyor who settled a line for the plaintiff was his agent for that purpose ; and though not correct, the plaintiff was concluded after 20 years acquiescence. The same doctrine as to location and recognition has been recently asserted by this court in the case of *Rockwell* v. *Adams*, 7 *Cowen*, 701, and 6 *Wendell*, 467. There the line had been acquiesced in for 18 years, and frequently recognized by the defendant and those from whom he derived title. The defendant was held to be concluded by it. In the case now before us, the line was run first by Copely, and afterwards by Baker, the plaintiff's surveyor, and for that purpose his agent. It was acquiesced in for more than 20 years. The defendant had early built an house upon the premises in question, and the plaintiff's agents must have seen it. There is clearly, therefore, such a recognition and acquiescence as should bar the plaintiff's claim.

New trial denied.