Carr, J.
This is a writ of right. It was brought by Taylor against the tenant. In the progress of it Taylor died, and Rhodes and Wooldridge applied to the court to be permitted, in the character of devisees, to revive the action. The other side waived the necessity of the scire facias, provided the court should be of opinion that the applicants could, as devisees, maintain the suit. They produced the will, duly proved, and shewed that the land in controversy was devised to them. The court below decided that the suit could not be revived in their names; in other words, that a devisee cannot maintain a writ of right, on the seisin of his devisor; and this is the question which we have to decide. It is new in our court, and interesting and important in itself. I will state very briefly the conclusions I have come to.
It is clear law in England, that a right of entry or of action is not devisable; they being comprehended neither by the words of the statute 32 Hen. 8, ch. 1, nor of 34 and 35 Hen. 8, ch. 5, § 4. The words of the first *470 are, “ any person having manors, lands, tenements or hereditaments, may” &c. The words of the last are, “ any person having a sole estate or interest, in fee simple, of and in any manors, lands, tenements, rents or other hereditaments, in possession, reversion or remainder, may” &c. It is decided in Goodright v. Forrester, 8 East 552. that these words do not comprehend land of which the devisor is disseised at the date of his will, though he may still have a right of entry. Lord Eldon also, in Attorney General v. Vigor et al. 8 Ves. 282. says, “ in order that an estate should pass by will, the devisor must have the estate when he devises, and he must continue to have the same estate at the time of his death. If he was disseised before the execution of his will, it would not pass the land; for he is not seized at the date of his will, having only a right of entry.” Many other cases shew this; and shew, too, that a devisee cannot maintain a writ of right upon the seisin of his devisor. It must be on his own seisin, if he be a purchaser.
The words of our statute of wills are much larger than those quoted above. “ Every person &c. shall have power &c. to devise all the estate, right, title and interest, in possession, reversion or remainder, which he hath &c. of, in or to lands, tenements or hereditaments, or annuities or rents charged upon or issuing out of them,” &c. The words estate, right, title or interest in lands, must surely embrace the case of a right of entry or of action. A man has a perfect title; he is disseised : for 20 years he has a right of entry into this land, and may bring ejectment. After that time he has lost his right of entry, but still he can bring a writ of right and recover the fee. Surely this is both a title (though an imperfect one) and an interest; and he may devise it.
But of what service will this devise be, if we say that the devisee shall not be received to vindicate *471 his right by action ? He may, to be sure, bring ejecta . 11 ment, if 20 years since the disseisin have not elapsed ; hut if they have, and we refuse him a writ of right, his J • ■ right is gone, — utterly extinguished : lor the devise has taken it from the heir, who could have counted on the seisin of his ancestor. By this course we refuse a remedy to him to whom our law has given a right, and we perfect the title of the wrongdoer. 1 feel exceedingly reluctant to be an agent in producing such results. Tt is a general maxim, that whore there is a right, there must be a remedy. Our law says, such an interest as this may be devised. The testator here ñas devised it. Would it not bo a reproach to the law, to say that it furnished no remedy? Is it not the duty of its ministers to be astute in finding a remedy? Is it not a case to which lord Coke's maxim applies, est boni judiéis ampliare jurisdictionem? Rights are the ends of justice,— remedies the means; and we must not, in our caution, sacrifice the end to the means. If the english statutes had enabled the testator to devise such an interest, — if their courts had once come to the conclusion that such was the legislative will, — I feel little doubt that they would, have said, without hesitation, that a devisee might count on the seisin of his devisor: and. this is made the more clear by the case which the industry of my brother Tucker has found. There, the court said that a right to bring a writ of entry (a real action) was transferred to the assignees of a bankrupt, by the usual words of a deed of assignment; an action in which, equally with a writ of right, it is necessary to count on the actual seisin either of the demandant or his ancestor, as is seen by the count set out in that case. And when it was objected, in a very learned argument by serjeant Williams, that a right of action to recover real property was not, upon the settled doctrines of the common law, such an interest as could pass to the assignees, what was the answer of the court ? They put the case *472 wholly upon the spirit of the bankrupt laws. Lord J . 1 . L chief justice Eyre said, “ This case has been very elaborately and ably argued by my brother Williams; but his argument goes against the most express and plain Sp[rjt 0f bankrupt laws, which is, that every beneficial interest which a bankrupt has shall be disposed of for the benefit of his creditors.” So I say, it is the spirit of our statute of wills, that a man may devise every beneficial interest which he has in lands; and as the court there, to attain the object of the statutes, put .aside the common law rule, so in our case, to obtain the object of our law, I am willing to say that a devisee may count on the seisin of his devisor. I am of opinion to reverse the judgment and remand the cause.
Cabell, J. concurred.
Tucker, P.
This case presents the question whether a writ of right can be maintained by a devisee, unless upon his own seisin. The demandant in this case having died pending the suit, his devisees came into court, and moved for a scire facias in their names, to revive the, action against the tenant. The tenant waived the necessity of a scire facias, and by consent the court was called upon to decide whether the devisees were entitled to revive by scire facias. The court-decided that they were not; to which judgment the devisees obtained a supersedeas.
Whether the devisees were entitled to a scire facias, depends upon the question whether a devisee can maintain a writ of right upon the seisin of the devisor; for the scire facias is given by law in all real or mixed actions when the same are maihtainable by or against the heir of the deceased party; so that the question essentially is, whether these devisees can maintain a writ of right on the seisin of the devisor, since this action was brought upon that seisin.
*473 This question would not, in England, be considered as debatable. It is there the established and uncontroverted doctrine, that a devisee cannot maintain a writ of right, unless upon his own seisin. He must actually enter, where his entry is congeable, and then, if disseised, he can bring the writ upon his own seisin, for he is then in the same situation as other persons who have been in the seisin. But until he enters, he can only sue in ejectment; and if the right of entry is taken away, his remedy is gone forever. These doctrines are sustained by many authorities. Co. Litt. 111. a. 293. a. 2 Sch. & Lcf. 104, 623, 2 Preston on Abst. 300, [301,] 352, [354,] Blanshard on Lim. 23, [43,] 3 Tho. Co. Litt. 224, 230, 7 Wendell 250, 2 Wms. Saund. 45. From those authorities it appears that the demandant in a writ of right must shew an actual (with us a constructive) seisin in himself or his ancestor; that a purchaser cannot maintain the action unless upon his own seisin, and that the seisin of the person from whom he claims will not avail, since seisin in the ancestor means seisin in a person from whom there is a descent; that the devisee is a purchaser; that it is, to say the least, questionable whether a right of entry is devisable, and that even if it be so, it confers only the right to enter without action, or to recover by the common remedy of ejectment. Preston (of whose profound knowledge of the law of real property the fullest evidence is afforded even by a single argument of his in Goodright v. Forrester, 1 Taunt. 578.) says in his book upon abstracts of title, “ In short, a devisee cannot maintain a real action grounded on the seisin of a testator. In the first place a right of entry or action is not devisable ;* and se *474 condly, a devisee does not represent a testator in the . . same manner as an heir represents an ancestor, so as to enjoy the privity of all actions,” &c. In this passage we see two lataL objections to the devisee s power to maintain the writ of right. The first of them, — whether a right of entry is devisable by the english law,— was learnedly discussed in Goodright v. Forrester, 8 East 552. where the decision was explicit against it. The judgment was afterward^ affirmed in the exchequer chamber, 1 Taunt. 578. though it appears from the opinion of Mansfield, C. J. that the court of exchequer decided the cause upon a point which had not been touched in the king’s bench. They expressly declare, however, that the judgment of that court is not in any respect impeached by their decision, and accordingly it seems to have been considered the received law, that a right of entry is not, in England, devisable. This indeed would seem to have been a necessary inference from the language of the statute of wills, and the construction which was always given to it, that without seisin no man can devise. See 3 Co. Rep. 30. 1 Roberts 223, 2 Black. Com. 378, 379. Cowper’s Rep. 90.
We come next to enquire how the law on this subject is with us. By the statute of wills, 1 Rev. Code, ch. 104, § 1, p. 375. it is provided that every person aged &c. may by last will “ devise all the estate, right, title 'and interest, in possession, reversion or remainder, which he hath,” &c. This language, as we all know, is altogether variant from the english statutes authorizing the devise of lands; and as our legislatures have usually had an eye to the phraseology of existing british statutes, we may conclude that where there is a marked and material difference in phraseology, a difference in 'enactment was designed. Here there is such marked *475 difference. The british statutes provided that any person having lands, tenements or hereditaments, or having a sole estate or interest in fee simple in any lands, may &c. which words have been always construed to mean (in reference to the legaL title) being seized of a fee simple,; fori according to the learning in reference to real property, a disseisee had no estate, but only a right, and be was not therefore a person having lands in fee. But our statute provides that any person may devise ail the estate which he hath, — all the right which he hath, — all the title which he hath, — and all the interest which he hath. Now a disseisee, though he hath technically no estate in the lands, yet hath a right of possession, if the disseisin is within 20 years, and a right of property, if the disseisin was more than 20 years before the date of his will. Moreover, though be has not complete title to the laud, since seisin is essential to it (2 Black. Com. 3 99.) yet he has, before his right of entry is barred, two of the ingredients of a complete title, to wit, a right of possession and a right of property; and even after the right of entry is barred, the right of properly remains to him. He has then an incomplete title; and as the statute authorizes him to devise all his title, it follows that he may devise this incomplete title.
What is the effect of these provisions upon the law of remedies ? First, it is plain that although an ejectment can in England be maintained by a devisee, only in those cases where, the devisor having been seized, the freehold is cast upon the devisee, yet in Virginia a devisee of a right of entry may maintain ejectment. This is abundantly clear, without more saying. See Watts v. Cole and wife &c. 2 Leigh 664.
But secondly, I think it must be allowed upon reflection, that the necessary consequence of the extended power of devise which is conferred by the act of assembly, is the power of the devisee to maintain a writ of right upon the seisin of the devisor, or even of the *476 ancestors of the devisor. This position involves two enquiries. First, is the principle of the law which requires that the demandant must shew an actual or con- ^ • structive seisin in himself or his ancestor, and which den¡eg t0 a purchaser the power to avail himself of the seisin of his vendor, so unbending that it cannot give way or be moulded by circumstances ? 2. If it may be moulded or varied by the courts so as to subserve • the purposes of justice, does this case require it so to be modified ?
As to the first of these points I should have little doubt, if we were even without authority. The remedies of the law are perpetually moulded and varied and modified, to suit the necessities of justice, and to meet the requisitions of new legislative enactments. It will be unnecessary to consume our time in the various instances of this, which reflection might abundantly gather from the great body of the law; for happily an instance is afforded us among the adjudications of the british courts themselves, on the very subject of the rule we are considering. It is a part of that rule, that “ a purchaser cannot maintain the action unless upon his own seisin, and that the seisin of the person from whom he purchased is of no avail.” 2 Wms. Saund. 45. f. Now, by the bankrupt laws, all the estate, right, title and interest of the bankrupt passes to the commissioners of bankruptcy, who convey the same to the assignees. How then is it, if the bankrupt be a disseisee, with good right of property in lands and tenements, but without either possession or right of possession? Thus situated, the estate can only be recovered from the disseisor by real action. Can the assignees maintain this real action ? In the case of Smith and others v. Coffin and wife, 2 H. Black. 444. it appears that Thomas Eustace, the original owner, died seized, leaving Thomas (the bankrupt) heir at law. Hannah Eustace “ unjustly abated into the land,” and devised to Edmund Cofin and Sarah *477 his wife, who held possession for twenty-two years (in-eluding Hannah's possession in her life) and thus the right of entry or suing eiectment was barred, and the . J , . & , . . . ’ assignees were driven to their writ oi entry, lhequeslion was debated, whether the assignees could maintain a real action for the lands; and it was decided that they might. Now in this case it will be seen from the count, that in this writ of entry sur abatement, the assignees counted upon the seisin of Thomas Eustace the father of the bankrupt, and on the descent to the son. So that here is a case of a real action in which the demandants, who are purchasers, count upon the seisin of the person under whom they claim, and upon the seisin of his ancestor. And yet this was allow’ed; and most properly; for as the statutes had vested all the bankrupt’s rights in the assignees for the benefit of his creditors, it must have designed to transfer all his remedies. To transfer a right, and to design to withhold the remedy, is a solecism not to be imputed to parliament by the courts. On the contrary, as the remedy is but the satellite of the right, wherever the right is permitted to be transferred, the true construction of the law is that the remedy is to go with it; shaped indeed according to the exigencies of the new situation in which the parties arc placed, but made effectual to the purposes of justice. Were it otherwise, the authority to transfer would only operate to annihilate. Thus if the transfer to the assignees of the right of property in this case was not accompanied by a right to sue, the transfer itself would destroy the right of property, by passing it out of one who could assert it, into assignees who could not assert it. So too under our insolvent laws; all the insolvent’s right, title and interest in real estate is vested by the law in the sheriff, or is directed to be conveyed to him before the prisoner is discharged. Among these is the mere right of property, which can only be asserted by writ of right. Now if, according to the rule *478 above mentioned, the sheriff, who is a purchaser, cannot bring a writ of right, and count upon the seisin of the insolvent, or of the insolvent’s ancestor, the right of property is in effect gone and destroyed; for it has pasge(j out 0f tjje insolvent and cannot be asserted, by him. So that the effect of the statute would be to strip the insolvent without benefiting the creditors; it would be to annihilate the right, while it authorized its alienation. So too in the case of a devise. The act of assembly authorizes the devise of a mere right of property. If such mere right be devised, the heir can never assert it, for it is gone from him. And the devisee must assert it in the writ of right, or not at all. If he cannot assert it in that writ, then the right is gone forever ; the title of the wrongdoer is rendered indefeasible, and the effect of the statute is only to annihilate that which it authorized to be transferred. To such conclusions I cannot come, and am clearly of opinion that we must recognize the right of the devisee to maintain the writ of right upon the seisin of the testator or his ancestor.
It remains but to observe that judge Green, in Watts v. Cole and wife &c. has strongly expressed the contrary opinion; but as it was not a question in the cause, the ease furnishes no authority. And yet he admits that a devise of a right of entry is good, and gives the right to sue in ejectment. Now a devise of a right of entry does not cast the freehold or possession on the devisee, as it does where the devisor is seized. The plaintiff in ejectment therefore must avail himself of the devisor’s possession. And hence it seems to me, that if the devise of a right of entry gives the remedy by ejectment, the devise of the right of property carries along with it the power of maintaining a writ of right.
1 am of opinion to reverse the judgment, and award the scire facias.
The other judges concurred. Judgment reversed.

 Note by the president. It is conceded that a devisee may maintain ejectment before entry; but this is not upon any right of entry devised to him, but upon the right of entry which the law gives him, whore the testator, being in seisin, lias devised his land to him. For in the case of a devise where the devisor is seized, *474 the freehold is in the devisee before he enters. Co. Litt. 111. a. And if any one enters to his prejudice, he may turn him out by ejectment.