By the Court, Beardsley, J.
There is no ground on which the plaintiff Cole can recover any part of this land. As to him, no title or pretence of title is shown otherwise than by the deed of the 26th December, 1837. But the defendant was then in possession as owner, holding in hostility both to the grantors and grantee, and the deed was therefore a nullity.
Upon the same principle and on the same ground the deed to the other plaintiffs from John ,D. Coe senior of the 25th of September, 1819, is to be disregarded. It was wholly inoperative in respect to the defendant, and has nothing to do with the case.
On the decease of John D. Coe senior, his estate in the premises in controversy descended to his seven children as tenants in common; and if the declaration is adapted to the case, his sons, John D. and Matthew D. Coe, are entitled to recover two-sevenths, unless their right is barred by the statute of limitations'.
By the former statute twenty years adverse possession was a bar to a right of entry, and a valid defence to an action of ejectment—the appropriate remedy to enforce that right. (1R. L. 185, § 3.) The limitation to a writ of right, however, was different, that being tioenty-five years. (Id. § 2.) But by the revised statutes writs of right are abolished, (2 R. S. 343, § 24,) and the action of ejectment is substituted as a remedy in all proper cases. (2 R. S. 303, § 1, 2, 3.) The revised statutes also make twenty years the general period of limitation to this action, whether brought as a substitute for a writ of right, or to enforce a mere right of entry. (2 R. S. 293, §§ 5 to 8.) This period of limitation, however, is not universal; for the statute declares that the provision shall not apply to any actions commenced, nor to any cases where the right of action accrued, or the right of entry existed, before the time when the chapter con *637 taining the limitation took effect; but that all such cases should remain subject to the laws then in force. (2 R. S. 300, § 45.) This chapter took effect on the first of January, 1830, at which time John D. Coe senior had good right and title to the land in controversy. The defendant was then in possession, claiming an estate in fee, but in fact had no right or title whatever. A right of action had then accrued, and a right of entry then existed, in favor of John D. Coe senior; and, but for the revised statutes, he might have proceeded by writ of right, or an action of ejectment, at his election. The revised statutes changed his remedy, but did not affect his right or title. He could npt bring a writ of right, for that was abolished; but he could bring the action of ejectment as a substituted remedy, (2 R. S. 303, § 2,) and to such a case the limitation of twenty years does not apply. (2 R. S. 300, § 45; McCormick v. Barnum, 10 Wend. 104.) (a)
This right of action existed in full force when John D. Coe senior died in 1834. On his decease, the estate descended to his heirs; and at common law they might have brought writs of right against the defendant, counting on the seisin of their ancestor. Under the statute they might resort to the substituted remedy by ejectment, and that would not be barred by an adverse possession short of twenty-five years ; for the right of action having accrued before the revised statutes took effect, the case remained subject to the law previously in force. (2 R. S. 300, § 45.) And as the premises had not been held adversely for twenty-five years when this action was brought, it was not barred by lapse of time, provided it can be sustained as a substituted remedy for a writ of right.
But can this action be regarded as a substitute for a writ of right? As such, it is an action brought by two of the seven children and heirs of John D. Coe deceased, to recover upon the strength of a title which descended from him at his death. The heirs were never actually seised, and, in writs of right, must have counted on the seisin of their ancestor. This is perfectly settled. (Roscoe On Real Actions, 176, 177; Stearns On Real Actions, *638 320, 2d ed.; Co. Litt. 293, a.;. 2 Saund. Rep. 45, note ; Dally v. King, 1 H. Bl. Rep. 1; Williams v. Woodward, 7 Wend. 250.)
These children took the estate as tenants in common. (1. R. S. 753, § 17.) And in England, an action' of ejectment founded on a joint demise by such tenants cannot be sustained. (Adams on Eject. 186, 187; Heatherly v. Weston, 2 Wils. 232.) This rule has been disregarded here, however, and actions of ejectment founded ón a joint demise by tenants in common have been sustained. (Jackson v. Bradt, 2 Cain. Rep. 169, 174; Malcom v. Rogers, 5 Cowen, 188; Doe v. Butler, 3 Wend, 149.) The principle on which these cases proceed is, that the possession of tenants in common is joint, and that they may join in disposing of that interest. The demise alleged in the old action of ejectment was of a possessory interest, and no more; and such a right only was recovered.'
But although that doctrine may be sound- as to the mere right of possession of tenants in common, it has nó application to their right of property. They have not, as joint tenants and coparceners have, a joint right of property. Their freeholds are several, and therefore they could not, at common law, join in real actions. (Co. Litt. 195 to 198 ; Roscoe On Real Actions, 7, 8; Stearns On Real Actions, 172, 2d ed. ; Jackson v. Bradt, 2 Cain. Rep. 175; Malcom v. Rogers, 5 Cowen, 188.) If. this action therefore is to be regarded as a substitute for a writ of right, it was not well brought by the two Coes jointly, for it will lie only “ in the saíne cases in which a writ of right” might have been brought prior to the revised statutes; (2 R. S. 303, § 2;). and a joint writ of right could not be sustained by two tenants in common.
Nor is the case aided by the statute which declares that where several persons are “ entitled to real estate, as tenants in common, &c. they may bring one action for the recovery thereof, or may bring several actions for their respective shares or interests.” (2 R. S. 341, § 11.) In the present instance, seven persons were entitled as tenants in common to the land in suit. At common law, each might have brought a writ of right for *639 his share or interest, but they could not have sued jointly. This section changes the common law, as it authorizes a joint action to be brought by all the tenants in common. But if all do not join in one action, each must bring’ a separate suit for his individual share. The statute does not authorize two out of seven tenants in common to bring a joint action.
I am therefore of opinion that the present action, if regarded as a substitute for a writ of right, was improperly brought in the names of the two Coes jointly. If regarded, however, as an ordinary action of ejectment, brought to enforce a mere right of entry, it is barred by an adverse possession of twenty years. In neither aspect can the plaintiffs recover, for Cole shows no right whatever to sustain the action in his favor.
Aside from the defence resting on adverse possession, it would seem that the Coes would be entitled to recover two-sevenths of the land in controversy. But they make no such claim in this case. In one count of the declaration, they claim an undivided half, and in another an undivided third. Neither count is adapted to the right which they once had, and for that reason also judgment should pass against them. (Holmes v. Seely, 17 Wend. 75.) (a)
Judgment for the defendant.

 See Failing v. Schenck, (3 Hill, 344.)

 See Gillet v. Stanley, (1 Hill, 121.)