The opinion of the Court was delivered as follows by
Parsons, C. J.
It appears from the count that the plaintiff demands one fifth part of certain lands therein described. The title he shows is, that his father, Francis, being seised in fee, devised the lands to his mother, Susanna, for life, remainder in fee equally to him and to his twelve brothers and sisters ; that his father died seised ; that thereupon his mother was seised for her life; and upon her death, and upon the death without issue of eight of his brothers and sisters, he claims one fifth of the premises in fee, and of which he is deforced by the tenant.
Thé demandant, having this title, may have a remedy either by a Formedon in remainder, or, having entered after the death of the donee for life, by a writ of entry declaring on his own seisin. He has elected the former remedy, and he must set out the gift, the seisin of the first donee, and his title to one.fifth, and that on the death of the tenant for life the right to one fifth remained to him. These are stated in this count, except that, instead of alleging that the right remained to him, he has averred that on the death of his brothers and sisters without issue, and of the donee for life, he by means thereof became seised as of fee and right.
On the trial, he proved the gift, his title to one fifth, and the death *65 of the donee for life; but gave no evidence of her ever having been seised under the devise. The judge was of opinion that, if his declaration was considered as a count in Formedon in remainder, it was necessary not only to allege *the seisin [ *67 ] of the first donee under the gift, but that it must also be proved.
As the demandant has also averred his own seisin in fee after the death of the donee for life, and if a verdict had been found for him, the declaration, though very informal, might possibly have been considered as a count in a writ of entry, and the informality cured by the verdict on the ground that the title was good, but defectively set forth, — the judge was of opinion that on this view the demandant must prove a seisin in himself after the death of the donee ; but he gave no evidence of any seisin in himself. The judge, therefore, directed the jury to find a verdict for the tenant.
This direction is objected to, not on the ground that seisin in the donee must be proved, if the count was considered as in Formedon, nor on the ground that the seisin of the demandant need not be proved in a writ of entry on his own seisin, but because, as it is urged, that such is in law to be presumed from the fact that the testator died seised. And a devise by will is compared to a conveyance by deed acknowledged and registered.
Upon considering the objection, we are all satisfied that the opinion and direction of the judge was right. It is a general rule of law, that, on the death of the devisor dying seised, the devisee is not seised, until an entry be made for his use, or some other act done, which in law is considered as having the effect of an entry. The exception to the rule is, when the tenements devised are vacant and without an occupant. In such case, an entry has been held not to be necessary. For although he may enter on the land, yet there is no person on whom he can enter. But there was no evidence that the tenements devised were vacant, and it is not a fact to be presumed. The same law applies to a remainder man, who is a purchaser. There must be, after the death of the tenant of the particular freehold estate, an entry, or an equivalent act, before he is seised, unless the land be vacant and unoccupied.
We have mentioned an act equivalent to an entry. We do not mean to confine this act to a claim, where no entry can be made; but if a stranger is in possession, under or acknowledging the title of the devisee or remainder man, it is equivalent to an actual entry. In the present case, there was no evidence * that the tenant for life died seised, and a fortiori the [ * 68 ] entry of the remainder man, or of some person for him or holding under him, must be proved.
Dexter and C. Jackson for the tenant
The effect of deeds acknowledged and recorded is not analogous. The statute of 1783, c. 37, provides that conveyances of land, by any person having right to convey, by a deed executed, acknowledged, and recorded, shall be good without any other ceremony. The intent of the statute was to provide a substitute for a feoffment with livery of seisin. The livery of seisin is made to give notoriety to the alienation. This purpose is better effected by the registry. But there is no statute, which provides that the probate and registry of a will shall pass the lands therein devised.
Upon the whole, our opinion is, that the verdict stand.
Leave was afterwards given the demandant to discontinue paying costs.