Curia.

The dam destroyed was a mill-dam, although, as erected for a temporary purpose, it had obtained the distinguishing name of the false dam. There is no question as to the identity of the close. The evidence was sufficient for the jury to apply it to the dam actually injured. Even in a question arising upon written evidence, this equivocal use of a proper name would not be regarded as a misnomer, or as a material variance between the averments of the declaration, and the evidence adduced to maintain the action ; and the supposed variance is altogether immaterial, and still less to be regarded, in a case depending on oral testimony, when every opportunity is given, at the trial, to remove from the minds of the jury every possible occasion of mistake or uncertainty. The exceptions are therefore overruled, and judgment is to be entered according to the verdict, (a)
*71 As to the question that has been made respecting the costs, had the defendant, who has been finally acquitted, paid a part of the first judgment, we should have ascertained the amount so paid by him, and given him judgment for it on this review. But that is not the present case. His claim now is for the expenses he has been put to in defending himself. To these he is entitled. We have no means of ascertaining what portion of the witnesses used in the defence was necessary to his acquittal individually. He has prevailed, and is by law entitled to the fees for his own travel and attendance, and for the travel and attendance of the witnesses, as certified on the subpoenas; and these he is to be allowed to tax for the former trial, as well as for that on the review. (b)
*72 ADDITIONAL NOTE.
[As to variance, see Crane vs. Dygent, 4 Wend. 675. — Guyon vs. Lewis, 7 Wend 26. — Miner vs. Clark, 15 Wend. 425. — Potter vs. Hopkins, 25 Wend. 417.—Eichel, berger vs. Smyser, 8 Watts, 181. — Chestnut Hills, &c., vs. Chase, 14 Cork. 123. — Kellogg vs. Denslow, Ibid. 411. — Neal vs. Fisher, 2 Hurr. & G. 274. — Dorr vs. Fenno, 12 Pick. 521. — Fay vs. Goulding, 10, Pick. 122.— Sumner vs. Tileston, 7 Pick. 1118. — Harrington vs. Brown, Ibid. 232.
As to costs in case of joint parties, see Hinman vs. Booth, 20 Wend. 666. — Warner vs. Lowndes, 1 Hall, 224. — Maus vs. Maus, 10 Watts, 87. — Weed vs. Richardson, 2 Dev. & Bat. 535. — Matthews vs. Vining, 21 Pick 335. — F. H.]

 [As to the breaking and entering the close, there could be no question ; for it was admitted that the description was correct, so far as it related to the close. For this wrong the plaintiff was entitled to nominal damages. But the variance between the matters alleged as special damage, and the proof, presents an important question. The charge was the destroying a mill-dam; the proof was, that there were two dams in the close, one of which was, and was always called, a mill-dam, and the other neither was, nor was ever called, a mZZ-dam; but was a dam erected for a temporary purpose, and called a false dam. Did the judge properly admit the evidence under the above allegation ? The Court say, u The variance is altogether immaterial, and still less to be regarded in a case depending on oral testimony, when every opportunity is given, at the trial, to remove irom the minds of the jury every possible occasion of mistake or uncertainty.” But what distinction, in this regard, can there be between a case depending on written, and a case depending on parol testimony ? Is it enough, in either case, that the jury can be made to understand, at the trial, the nature and extent of the plaintiff’s claim from the proof he introduces ? Has not the defendant a right to be apprized beforehand of the specific nature and extent of the claim or charge that is made against him, in order to prepare his defence ? Are not the court to be informed, from the record, whether the facts have been proved which are necessary to support the verdict, so that they may render the proper judgment? Ought not the record to agree with the proof, so that the defendant may avail himself of the verdict and judgment, should the same rights or liabilities be again discussed ? Starkie says, w It is a most general rule, that no allegation, which is descriptive of the identity of that which is legally essential to the charge or claim, can ever be rejected. Were it otherwise, and if proof could be admitted which varied from the record, in consequence of the omission to prove any allegation descriptive of an essential particular, it is plain that the proof would no longer agree with the cause of action, oi charge alleged, to any extent; they would differ throughout in respect of that descriptive allegation ; and as the proof would be more general than the allegations, it would *71 no longer be partial proof of the same charge or claim, but of a different and more general one. As an absolute and natural identity of the claim or charge alleged with that proved, consists in the agreement between them in all particulars, so their legal identity consists in their agreement in all the particulars legally essential to support the charge or claim; and the identity of those particulars depends wholly on the proof of the allegations and circumstances by which they are ascertained, limited, and described. Foz instance, if, in an action for breaking the plaintiff’s close, he were to describe it as abutting on the several closes of A, B, C, D, these would all be allegations descriptive of that which was material, that is, of the subject matter to which the injury was done, and a variance from any one Would be fatal. For if the allegation that the locus in quo abutted on the close of A could be rejected as immaterial, the other abuttals might also be disregarded. Evidence would then be admitted of a trespass in an entirely different close; the defendant might come prepared to rebut the charge of trespass as far as regarded the close described, but be wholly unprepared to justify an entry into any other close, and the record would afford no evi dence, or, what is worse, might mislead in case of future litigation between the same parties. So, if a man were to be charged with stealing a black horse, the allegation of color, though unnecessary, yet being descriptive of that which is material, could not be rejected: to admit evidence that ne stole a white one, would not be to prove a part of that alleged, but to prove an offence in respect of a subject matter proved to be different. The very omission to prove the boundaries in the former case, or the color in the latter, would be fatal, although different boundaries or different color should not be proved; for neither the trespass nor the larceny could be considered the same with that alleged, until the allegations descriptive of identity were proved; that is, whilst the proof was general, but the description special; for so long it would be pos sible that the subject matter proved was wholly different from that alleged. It seems, indeed, to be a universal rule, that a plaintiff or prosecutor shall in no case be allowed to transgress those limits which, in point of description, limitation, and extent, he has prescribed for himself; he selects his own terms in order to express the nature and extent of his charge or claim; he cannot, therefore, justly complain that he is limited by them : to allow him to exceed them would, for the reasons adverted to, be productive of the greatest inconvenience. Upon the same principle, no allegation can be proved partially in respect of extent or magnitude, where the precise extent or magnitude is in'its nature descriptive of the charge or claim. But in case of redundant allegations, it is sufficient to prove part of what is alleged according to its legal effect, provided that that which is alleged, but not proved, be neither essential to the charge or claim, nor describe or limit that which is essential; and provided, also, that the facta proved be alone sufficient in law to support the charge or claim. And redundancy of proof will not be material, unless that which is proved, but not alleged, contradict that which is alleged.” —Stark. Ev. pt. 4, pp. 1530,1, 2,3. — See, too, Chitty, Plead. 4th ed. pp. 348, 9. — Roscoe, Real Motions, vol. ii. pp. 671, 2, as to necessary allegations in trespass qu. cl. — Ed.]

 [But see West vs. Brock & Al., (3 Pick. 303,) where two of three defendants, were al'owed two thlzds of the costs of and witnesses.— Ed.]