Cranch, C. J.,
was of opinion that as the deed did not describe the lands conveyed by W. S. Alexander to Mr. Dade, by metes and bounds, his possession could not be considered as extending beyond his actual possession proved. Ellicott v. Pearl, 10 Peters, 442.
Morsell, J.,
was of opinion that the deed should go to the jury with such parol evidence as had been given.
The plaintiffs, however, gave subsequent evidence of acts of possession, by cutting wood for fuel and other purposes, on the disputed lands, by the son of the plaintiff Walter S. Alexander, about sixteen years ago, and then the CouRT (Thruston, J., absent,) permitted the deed to be read in evidence to the jury.
The Court also permitted the following question to be asked of the plaintiffs’ witness, Mrs. Zimmerman: “ Do you know, by general reputation, any of the lines, or boundaries, or corners, of Mr. Walter Alexander’s land ? ”
She answered, No; but said that Hall’s Spring was generally reputed to be on Alexander’s land ; but the Court said that that was not admissible evidence. They, however, permitted her to be asked whether Hall’s Spring was generally called “ the head *472 of long branch ? ” that being one of the calls of Robertson’s Patent. See Leland v. Wilkinson, 6 Peters, 317; Ellicott v. Pearl, 10 Id. 412.
The Court also permitted the declarations of the plaintiff W. S. Alexander, to be given in evidence by the defendants, although he had conveyed all his estate to a trustee for the sole use of his wife, (who is also a plaintiff,) it being an action of trespass quare clausum fregit, and not a real action ; and the damages, so far as his wife is to participate in them, will, at law, become the property of her husband, although in equity he might be considered as a trustee of them for her separate use.
Mr. Taylor, for the defendants, moved the Court to instruct the jury, that upon the plaintiffs’ evidence they cannot recover.
1. Because one of the plaintiffs, by their own showing, has no interest. After his deed to Dade, W. S. Alexander was only the agent of Dade, and of his wife, and in that character cannot maintain an action for a trespass; and if an improper party is one of the plaintiffs, it is a misjoinder, and there must be a .nonsuit. 1 Chitty’s Pleadings, 54; Goodtitle v. Morgan, 1 T. R. 758.
2. Because the plaintiffs have not proved possession at the time of the supposed trespass. Com. Dig. 377, tit. Trespass, B. 3; Wells v. French, 4 Mass. Rep. 64; Stuyvesant v. Tompkins, 9 Johns. 61; Dunham el al. v. Stuyvesant, 11 Johns. 569; 5 Dane’s Ab. 553, 554; Wilde v. Cantillon, 1 Johns. Cases, 123; Graham v. Peat, 1 East, 244.
Mr. R. J. Brent, contrd, admits that if there has been a mis-joinder it is fatal. But this is not a misjoinder, because in all actions to vindicate the rights of the wife against a stranger, the husband must be joined ; although he has no personal interest in the event of the suit. Cookson v. Castline, Cro. El. 96; Weller v. Baker, 2 Wils. 423.
The deed of trust for the benefit of the wife cannot be set up to defeat her right of action. She as cestui que trust has a right of action for a trespass upon her possession, and her husband “ must be joined for conformity.” Hopkins v. Ward et al. 6 Munford, 38; Ricard v. Williams, 7 Wheat. 59; Smith v. Lorillard, 10 Johns. 347; Catteris v. Cowper, 4 Taunt. 547; Ewen v. Burnett, 11 Peters, 53; 7 Com. Dig. 510, tit. Trespass, B. 2. Possession alone is sufficient to support the action against a mere wrong-doer. Graham v. Peat, 1 East, 246. Mrs. Alexander is one of the heirs at law of the deceased Baldwin Dade, the trustee, and is also the cestui que trust, and is therefore properly made one of the plaintiffs ; and if she is entitled to sue, her husband must also be made a plaintiff. Brotherson v. Hodges, 6 Johns. 108; 1 Saunders, note g.; 2 Tuck. Bl. 218; Harper v. Chartesworth, 4 B. & C. *473 574; Catteris v. Cowper, 4 Taunt. 546; Ellicott v. Pearl, 10 Peters, 442. To constitute actual possession, it is not necessary that there should be any fence or inelosure on the land. Ibid.; Ewen v. Burnett, 11 Peters, 52; Lessee of Sicard v. Davis, 6 Peters, 139, 140; Jackson v. Lund, 3 Johns. Ca. 118; Hunt v. Wickliffe, 2 Peters, 204; Pendleton v. Alexander, 8 Cranch, 462; Jackson v. Reed, 18 Johns. 44; Ricard v. Williams, 7 Wheat. 105; Lessee of Clarke v. Courtney, 5 Peters, 354, 356.
Mr. Brent proposed to ask young Mr. Alexander (who had testified that about sixteen years ago he had gone upon the land now in dispute and cut wood upon it,) whether, at the time of his going upon the land in dispute he did so under a claim of title by his father and mother up to the line N. 17 west, the supposed west line of Howison’s patent; but
The Court (Morsell, J., contra:,) refused to permit the question to be asked, because no title was shown by metes and bounds up to that line, and therefore there can be no constructive possession to that line.
Mr. Coze in reply, as to the defendant’s motion to instruct the jury that the plaintiffs cannot recover upon their evidence, contended that the plaintiffs must prove all their abuttals, which they have not done. Martin v. Kesterton, 2 W. Bl. 1089; 5 Dane’s Ab. 594; 2 Salk. 453; 2 Chitty, 388, note n. ; Bul. N. P. 89.
The deed from W. S. Alexander to Dade, under which the plaintiffs claim, is only of his interest in any lands in Howison’s patent lying between the lines north 6 west, and north 17 west; and bounded on the north by Mason’s land, on the west by the Glebe, and on the east by Custiss’s land.
There is no evidence that the locus in quo is in Plowison’s patent, nor is that patent located on the plat.
There is no evidence that it is bounded on the north by Mason’s land, nor on the west by the Glebe, nor on the east by Custiss’s land.
It is admitted that possession alone will maintain trespass against a mere wrongdoer ; and the plaintiffs, if they can recover in this action, must recover upon their possession alone, for they have not made out a title. There is no evidence of any possession by Fraser; and as all must have a joint cause of action, or none can recover, it is evident that the plaintiffs cannot recover in this action. Besides, there is no evidence that Alexander was in possession at the time of his deed to Dade. And a deed of bargain and sale without possession in the bargainor is void. There is no evidence of possession until about the year 1822, and the deed was made in April, 1807. Peters v. Condron, 2 Serg. & R. 83; Wickham v. Freeman, 12 Johns. 183. Mr. Alexander *474 had no possession at the time of the supposed trespass, and therefore is improperly made a plaintiff in the cause. Star v. Jackson, 11 Mass. Rep. 519; 15 Petersdorff’s Ab. 148.
As to the abuttals, Mr. Brent cited Roberts v. Karr, 1 Taunt. 497, and Durgin v. Leighton, 10 Mass. Rep. 56.
The Court (nem. con.) was of opinion that the plaintiffs could not recover upon the evidence, for the reasons stated in the argument of the defendant’s counsel.
The plaintiffs became nonsuit, acquiescing in the opinion of the Court.'