## JOHN VAUGHAN vs. EBENEZER BACON.

The relinquishment and yielding up to one of several tenants in common by the disseizor, after a disseizin of five years, of all the right, seizin, possession and betterments which the disseizor had in and to the proportion of that tenant in common in the premises, has the effect to put *all the tenants in common* in the seizin and possession of their shares respectively, and to prevent the operation of the statute of limitations against any of them prior to that time.

THE demandant in a writ of entry, dated *May* 17, 1836, counting on *his own seizin* and a disseisin by the tenant, demanded one twenty-eighth part of the premises, as heir at law to *Benjamin Hallowell*, and proved his title thereto on the trial. The tenant then proved, that he had been in the continued open possession of the premises for the last twenty-two years before the suit. The demandant then introduced a power of attorney made by three of the other tenants in common with the demandant, upon which the tenant, *Bacon*, under date of *Nov.* 25, 1819, had made and signed this writing: " I hereby relinquish and yield up to the within mentioned three co-tenants with the demandant, all the right, seizin, possession and betterments which I have in and unto their respective proportions of the demanded premises, reserving to myself and my heirs and assigns the right to take off and carry away all the fences which I have erected on the same."

A verdict was thereupon taken for the demandant, subject to the opinion of the Court, whether the surrender so operated and enured to the benefit of the demandant, as to purge the disseizin, and enable him to maintain this action.

The case was argued in writing.

*Boutelle*, for the tenant, contended, that the case shows a complete title by disseizin in the tenant, who has done nothing to avoid or impair the title, unless by yielding to the claim of three persons claiming three twenty-eighth parts thereof. This does not revest any title in the demandant, or estop the tenant from asserting his title. This yielding up is not what is known in law as a surrender. *Co. Lit.* 337, *b*. Tenants in common are deemed to have several and distinct freeholds; and each is considered as solely or severally seized of his share. 4 *Kent's Com.* 363 ; 4 *Dane*, 764.

Vaughan v. Bacon.

They never went into the actual possession of the premises, or any part thereof; and a right to the possession, or a constructive possession, in the three cannot purge a disseizin of the owners of the other shares. *Fox* v. *Widgery*, 4 *Greenl*. 218. To have this effect in any case, the entry must be made in the name and for the benefit of the whole. In this case they acted exclusively for themselves.

*A. Redington, Jr.* for the demandant.

It is indispensable to the maintenance of the defence, that the possession should have been *uninterruptedly* adverse to the true owner for at least twenty years. This paper was proper evidence to be submitted to the jury to prove a submission to the title of the true owners.

The effect of a surrender is to drown and extinguish the title of the surrenderor. 1 *Shep. Touch.* 300. It restores to the owner all his original rights. *Co. Lit.* 338, *a*; *Oliver's Conv. 2d Ed.* 462; 2 *Salk.* 618; *Cro. Eliz.* 488; 6 *Com. Dig.* 313; *Stat.* 1821, *c.* 53, § 2; 2 *Wils.* 26; 1 *Shep. Touch.* 306.

A disseizin lasts no longer than the adverse claim continues. 2 *Johns. R.* 444; *Peters* v. *Foss*, 5 *Greenl.* 182; 3 *Wash. C. C. R.* 546; *Welles* v. *Prince*, 4 *Mass. R.* 67. The effect is to purge the disseizin as to three tenants in common, named in the paper. The seizin of one tenant in common is the seizin of all. 2 *Cruise*, 529; *Viner's Ab. Title Curtesy, A. pl.* 11; *Porter* v. *Hill*, 9 *Mass. R.* 34; 6 *Mod.* 44; 5 *Cruise*, 257; 4 *Kent's Com.* 365; *Ricard* v. *Williams*, 7 *Wheat.* 60; 1 *Shep. Touch.* 308; *Co. Lit.* 214, *a*; *ib.* 192, *a*; 15 *Petersd. Ab.* 12.

There can be but one seizin in land. No proprietor can be disseized of an undivided part of his interest, nor can a tenant in common be disseized by a stranger claiming his part only. *Farrar* v. *Eastman*, 1 *Fairf.* 195. In a mixed or concurrent possession, the legal seizin is according to the title. *Codman* v. *Winslow*, 10 *Mass. R.* 146; *Langdon* v. *Potter*, 3 *Mass. R.* 219; 2 *Salk.* 423; 5 *Cowen*, 92; 9 *Johns. R.* 174; *Knox* v. *Silloway*, 1 *Fairf.* 201.

The case was continued, and the opinion of the Court was by

WESTON C. J. — The recognition by the tenant, in 1819, of the title of the three, who were co-tenants with the demandant, and

his abandonment at that time to them of all his right, seizin, and possession in their proportion of the land in controversy, had the effect to put them in the seizin and possession of their shares respectively. If the tenant held after that, it was either in subordination to their title, or by a subsequent disseizin. And we are of opinion, that thereupon the seizin was at that time revested in the rightful owners.

It is common learning, that the seizin of one tenant in common is the seizin of all. 2 *Cruise,* 529. *Coke Lit.* 199, *b.* Where there is a concurrent possession, the seizin is according to the title. *Langdon* v. *Porter & als.* 3 *Mass. R.* 215 ; *Farrar & al.* v. *Eastman & al.* 1 *Fairf.* 191. The entry and possession of one tenant in common, is the possession of his co-tenants. 2 *Cruise,* 537. The entry of one joint-tenant, coparcener, or tenant in common, will avoid the effect of a fine, as to all the other co-tenants. 5 *Cruise,* 292. So the entry of one heir will enure to the benefit of all. *Ricard* v. *Williams & als.* 7 *Wheat.* 59. And an acknowledgment of title, by a party in possession, is equivalent to an actual entry. *Wells* v. *Prince,* 4 *Mass. R.* 64. It would result, that one tenant in common, while another is in possession, cannot be disseized by a stranger. And so the Court strongly intimate in *Farrar* v. *Eastman & al.* A disseizin cannot exist, unless the disseizee is excluded. Here the true owners were in the actual seizin by some of the tenants in common, who represented the whole. It appears to us very clearly, that the tenant has not been in the actual and uninterrupted seizin of the estate, claimed by the demandant, long enough to entitle him to the protection of the statute of limitations.

*Judgment on the verdict.*