## WILLIAM JEWETT *vs.* JAMES JEWETT.

Under *St.* 1840, *c.* 97, providing that a sale of real estate by an executor or administrator under a license shall be valid as against any person claiming under the deceased, though the deed is not delivered within a year, if certain conditions are complied with and the price "duly accounted for," such accounting must be shown by the probate records.

A remainderman, during the continuance of the life estate, is under "legal disability" within the meaning of *St.* 1817, *c.* 190, § 12, so that he may bring an action within five years after the termination of the life estate to recover land sold and conveyed by an executor under a license, more than five years before the commencement of the action.

WRIT OF ENTRY, dated October 20th 1855, to recover a lot of land in Georgetown. The case was submitted to the decision of the court on the following statement of facts :

Miriam Jewett died seised of the demanded premises in July 1826, and devised them to her son Samuel Jewett for life, "and, after his decease, to be equally divided among his children or their legal representatives." Samuel Jewett died in June 1849,

leaving the demandant, and one other surviving child, who died without issue in August 1850, aged nineteen years, and whose portion the demandant inherited.

The executor of Miriam Jewett's will, upon petition to the judge of probate, on the 7th of November 1826 obtained a license in due form to sell the premises within one year, to pay debts and legacies; and, after giving bond and notice as required by law, sold the same by auction in December 1826 to a *bona fide* purchaser, who actually paid the price; and in June 1828 executed and delivered a deed in due form to said purchaser, who was the tenant's grantor. The executor never rendered any account of his administration to the probate court, nor do the records of that court show any proceedings relative to said estate subsequently to November 1826. The tenant offers to show, if admissible, that all the legatees and creditors of the testatrix now living, mentioned in the schedule filed by said executor in the probate court, have been paid their respective claims. The tenant and his grantor have been in peaceable and uninterrupted possession of the demanded premises from the time of the sale to the date of the writ.

*J. P. Jones*, for the demandant.

*J. A. Gillis*, for the tenant.

METCALF, J. 1. By the law which was in force when the sale was made of these demanded premises, the license for the sale continued in force only one year from the time of granting it. *St.* 1817, *c.* 190, § 12, reënacted by Rev. Sts. *c.* 71. And unless the deed to the purchaser at the sale was executed and delivered within the year, he acquired no title to the land. *Macy* v. *Raymond*, 9 Pick. 285. The grantor of the present tenant therefore acquired no valid title to these premises, and could convey none to the tenant, by the mere legal effect of the license, sale and deed. And the demandant is entitled to recover, if he has seasonably commenced this suit, unless the tenant can hold the premises by virtue of the provisions of *St.* 1840, *c.* 97, which are these: " Whenever the validity of any sale of real estate, which has been or may be made by any guardian, executor or administrator, is drawn in question by any person claiming

under the ward or deceased, if the license, bond, oath and notice have been according to law, and the price for which the land shall have been bid off at auction has been paid by a *bona fide* purchaser, and duly accounted for, such sale shall be deemed valid, although the deed may not have been executed and delivered within the year from the granting of the license."

The only question that is now raised under this statute is, whether the tenant must show that the money received by the executor, on the sale of these premises, was accounted for by him in the probate court; or whether he may show, by parol evidence, that he paid that money in discharge of claims made upon his testator's estate. And a majority of the court are of opinion that the words " duly accounted for " mean accounted for according to the law for the settlement of executors' accounts of their administration ; and that this must be shown by the tenant, as he must show that the license, bond, oath and notice were according to law. Those four things must be shown by the probate records or files. And so, we think, must be the executor's accounting for the price of real estate sold by him on license. We understand the effect of *St.* 1840, *c.* 97, to be this, namely, that the omission to execute and deliver a deed within a year after the granting of the license shall not render the sale invalid, if the proceedings have, in all other particulars, been conformed to the law. We cannot suppose that when it requires that the price should be duly accounted for, the legislature thereby meant that it might be accounted for in any other way than is prescribed, by other statutes, for the rendering and settlement of administration accounts, to wit, by presentment to the judge of probate, who is to give notice to all persons interested that they may appear and contest them, and who is to pass a decree allowing or disallowing them in whole or in part, subject to an appeal from his decree to the supreme court of probate. It is the policy of our law that the administration and disposition of the estates of deceased persons shall be open and public, before a judicial officer, and be found in public offices established for the preservation therein of all the authorized pro-

ceedings of such administration and disposition, either in the records or on the files in those offices. If the executor in this case had presented to the judge of probate, for allowance, an account of the matter which he now offers by way of duly accounting for the proceeds of the sale of these premises, we cannot know that it would not have been contested and disallowed.

We are not to be understood to decide that the price paid for land sold on an executor's license must necessarily be accounted for in the probate office before an action is brought by those who claim under the testator. They might bring an action before the price could be thus accounted for; in which case the tenant might doubtless show, in defence, that it was thus accounted for after action brought. How long after a sale this might be done, we need not now determine. It is sufficient for the decision of this case that the sale was made more than thirty years ago, and that there was no due accounting before this action was commenced, and has been none since.

2. The other question in the case is, whether this action was seasonably brought. And this depends on the provision in *St.* 1817, *c.* 190, § 12, that " no action by any heir or other person interested, for the recovery of any real estate sold under such license, shall be sustained, unless such action shall be brought within the term of five years after the execution and delivery of the deed given under such license: Provided always, that minors, and other persons under legal disabilities, may maintain such action at any time within the term of five years from the removal of their disabilities." See also Rev. Sts. *c.* 71, § 37. The court are all of opinion that the demandant is within this proviso or exception. The testator devised these premises to Samuel Jewett for life, remainder to the demandant and others; and Samuel Jewett died less than five years before this action was brought. The demandant had no seisin of these premises, nor any right of entry, which would have enabled him to maintain this action, until after the death of his father, the tenant for life. *Wells* v. *Prince*, 4 Mass. 67, 68. He was, therefore, under a legal disability, within the spirit and legal meaning, if not within

the strict letter, of the statute, and is not barred by the lapse of more than five years from the execution and delivery of the deed to the tenant's grantor. *Judgment for the demandant.*