## PALMER *v.* TUTTLE.

In trespass *quare clausum* it is not necessary for the plaintiff to describe his close by boundaries or abuttals, or even by name; and when he has described it, either in the original declaration, or by a new assignment, he is entitled to recover if he prove a trespass in any part thereof which he had or was entitled to have possession of at the time of the injury proved.

If the plaintiff include in his close, as described, more or other land than he has the exclusive right to possess, and the defendant would compel him to confine the trespass complained of to that part of the land which actually belongs to him, or else establish his title to the residue thereof, he may plead soil and freehold in himself or another as to all of the close he does not admit the plaintiff to possess, and, as to the residue, the general issue or other plea. This will oblige the plaintiff to new assign the trespass, and either traverse or avoid the plea of soil and freehold so as to restrict the controversy to the points really in dispute between the parties.

It is not necessary, in describing a close by abuttals, to define the boundary lines as indicated by monuments marked on the ground; it is sufficient to describe it as bounded by land in the occupation of others, and leave the defendant, if he claim that any portion of it does not belong to the plaintiff, to define the limit of the plaintiff's right.

TRESPASS *quare clausum.* The defendants demurred generally to the plaintiff's declaration, and the plaintiff

Palmer v. Tuttle.

joined in the demurrer. The declaration was as follows: "In a plea of trespass, for that the defendants, on the third day of April, A. D. 1858, at said Milton, with force and arms broke and entered the plaintiff's close, situate in Milton, in said county, and bounded easterly partly by land of John Foss and partly by land of James C. Roberts, southerly by land of Stephen Downs, westerly by land now occupied by William H. Huntress and James F. Place, and northerly by the road leading by the houses of William W. Ricker and James B. Downs; and cut down and carried away ten hemlock trees, twenty-five pine trees, fifty beech trees, one hundred birch trees, one hundred oak trees, and two hundred maple trees, property of the plaintiff, of the value of two hundred dollars, and converted the same to their own use; and cut down and carried away thirty cords of the plaintiff's wood, of the value of one hundred dollars, and converted the same to their own use, and with their oxen and horses trod up and injured the plaintiff's soil, against the peace and to the damage of the said plaintiff (as he says) in the sum of three hundred dollars."

*D. M. Christie*, for the defendants.

*Cyrus K. Sanborn*, for the plaintiff.

FOWLER, J.* The action of trespass *quare clausum* is brought to recover damages for an injury to the plaintiff's possession of real estate. The substance of the declaration is, that the defendant has forcibly and wrongly injured real property in the possession of the plaintiff. Though the title or right of property in the *locus* may, and often does, come in controversy, yet the gist of the action is always the injury done to the plaintiff's possession, actual

* DOE, J., did not sit.

Palmer v. Tuttle.

or constructive. 1 Ch. Pl. 188, 195, (7th ed.); 2 Gr. Ev., Trespass, sec. 614, and authorities.

It is not necessary for the plaintiff, in declaring, to describe his close by boundaries or abuttals, or even by name. If he declare generally, and the defendant plead the general issue, be may give evidence of a trespass in any part of the township wherein his close is alleged to be located. *Martin* v. *Kesterton*, 2 W. Bl. 1089; *Goodright* v. *Rich*, 7 T. R. 335; *Green* v. *Jones*, 1 Wms. Saund. 299 b, note 6; *Noyes* v. *Colby*, 30 N. H. 143; Com. Dig., Trespass, 3, M. (5).

But as this general mode of declaring subjects the defendant to the inconvenience of not knowing in what part of the town named the trespass intended in the declaration was committed, he is permitted to plead what is usually called the common bar, that the close mentioned in the declaration, without describing it, is his soil and freehold. This plea the plaintiff cannot successfully traverse if the defendant has any land in that town, and, therefore, he is generally driven to new assign, and define with proper exactness the place of the alleged trespass. Same authorities, *ubi supra; Helwis* v. *Lombe*, 2 Salk. 453; 6 Mod. 117, 118, 119; *Lambert* v. *Strother*, Willes 223.

When, however, the plaintiff has described his close, either in the original declaration or by a new assignment, he is entitled to recover, if he prove a trespass in any part thereof which he shows himself to have had, or to have been entitled to have, the possession of at the time of the injury proved. It is not necessary that he should prove himself to have been entitled to the whole of the close described. *Winkworth* v. *Man*, Yelv. 114, S. C., Cro. Jac. 183, 1 Brownlow 210, Noy 125; *Wood* v. *Budden*, Hobart 119, *a; Stevens* v. *Whistler*, 11 East 51; *Peaslee* v. *Wadleigh*, 5 N. H. 322; *Wheeler* v. *Rowell*, 7 N. H. 515; Stark. Ev. 1229, 1234; *Knowles* v. *Dow*, 20 N. H. 135; *Durgin* v. *Leighton*, 10 Mass. 56.

Palmer *v.* Tuttle.

If the plaintiff have described in his close more or other land than he has the exclusive right to possess, and the defendant would drive him to confine the trespass complained of upon the face of his declaration to that part of the land which is actually his, or to establish his title to the residue thereof, the defendant may plead soil and freehold in himself or another, as to all of the close which he does not admit the plaintiff to possess, describing it particularly; and as to the residue, the general issue or other plea. This will compel the plaintiff to new assign the trespass, and either traverse or avoid the plea of soil and freehold, so as to restrict the controversy to the points really in dispute between the parties. Same authorities as before cited; *Stevens* v. *Whistler*, 11 East 51; *Peaslee* v. *Wadleigh*, 5 N. H. 322; *Lee* v. *Rogers*, 1 Lev. 110; 2 Ld. Raym. 1015.

In the case before us, the plaintiff describes the place of the alleged trespass by naming its boundaries or abuttals, among which it is said to be bounded westerly by land occupied by two of the defendants. This description is *prima facie* sufficiently definite and certain, on the principle that that is certain which may be made so. Having named the abuttals of his close, the plaintiff will be bound to prove them substantially as alleged, because to maintain his action he must show a trespass within the limits of the close described; *White* v. *Mosely*, 5 Pick. 230; and it cannot appear upon demurrer that this cannot be done. The limits of the occupation of the two defendants named is matter of evidence to the jury. If the jury shall find that they occupied land adjoining the plaintiff's close, on the westerly side thereof, and that the plaintiff was entitled to the possession of any part of the close described, and the defendants trespassed upon that part, the plaintiff will be entitled to recover.

It has been urged in argument that it would have been matter of great convenience to the defendants if the plain-

tiff had so described his close that they could at once have pleaded soil and freehold in some part thereof, and not guilty or other plea as to the residue. We are unable to perceive why the defendants may not do so, as well under the present description as they could have done if the plaintiff's close had been described, as the defendants say it should have been, by known and obvious monuments upon the ground. It is suggested that there is a dispute between the parties as to the true division line between the land of the plaintiff and that of the two defendants. If so, and the plaintiff had described the line to which he claims on that side, as indicated by monuments on the ground, the defendants could then only raise the question, which it is alleged to be desirable for them to raise, by pointing out particularly and definitely that portion of the close described by the plaintiff which they claim to own, and pleading soil and freehold as to that, and not guilty, or other plea, as to the residue. They may do the same thing now, and we are utterly unable to discover in what possible respect they are prejudiced by the method in which the plaintiff has described his close. Under any practicable method of describing it, it must have been incumbent on them, if they claimed soil and freehold in any portion of it, to define and set out in their plea, by distinct and definite description, that portion. They may do this as readily, and with as much facility, under the present declaration as under any other.

The plaintiff''s declaration being sufficient, the demurrer thereto must be overruled.

*Demurrer overruled.*